FILED-CLERK
U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS** 2007 MAY 30  AM 9: 23
**MARSHALL DIVISION**

TX EASTERN-MARSHALL

BY_____

| | |
|---|---|
| CERTICOM CORP  and CERTICOM PATENT HOLDING CORP ,     )<br>)<br>)<br>Plaintiffs,     )<br>)<br>v.     )<br>)<br>SONY CORPORATION, SONY CORPORATION OF AMERICA, SONY COMPUTER ENTERTAINMENT INC , SONY COMPUTER ENTERTAINMENT AMERICA INC , SONY PICTURES ENTERTAINMENT INC , SONY ELECTRONICS INC  and SONY DADC US INC     )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>Defendants.     ) | Civil Action No.  **2 - 0 7 C V - 2 1 6**<br><br>JURY |

## COMPLAINT

Plaintiffs Certicom Corp. and Certicom Patent Holding Corp. ("CPH") (collectively, Certicom Corp. and CPH are "Certicom") hereby file this complaint for patent infringement against Sony Corporation ("Sony Japan"), Sony Corporation of America ("Sony America"), Sony Computer Entertainment Inc ("SCE Japan"), Sony Computer Entertainment America Inc. ("SCE America"), Sony Pictures Entertainment Inc ("Sony Pictures"), Sony Electronics Inc ("Sony Electronics"), and Sony DADC US Inc ("Sony DADC") (collectively, Sony Japan, Sony America, SCE Japan, SCE America, Sony Pictures, and Sony DADC are "Defendants") and states as follows:

Dockets.Justia.com

## THE PARTIES

1.      Certicom Corp. is a Canadian corporation with its principal executive offices at 5520 Explorer Drive, Mississauga, Ontario, Canada L4W 5L1. Certicom Corp. has offices in Reston, Virginia and Foster City, California and does business in the State of Texas.

2.      CPH is an Ontario corporation with its principal place of business at 5520 Explorer Drive, Mississauga, Ontario, Canada L4W 5L1. CPH is a wholly-owned subsidiary of Certicom Corp. and holds certain rights relating to U.S. Patent Nos. 6,563,928 and 6,704,870.

3.      Certicom Corp. is a leader in providing the strong, efficient cryptography increasingly required by government, multinational companies, content providers, systems integrators and device manufacturers, to embed security into their products. The company's expertise is also recognized through industry and leadership awards. Most recently, Certicom Corp. received the 2006 Private Sector Leadership in Advanced Technology Award for innovation, expertise and leadership in security from the Canadian Advanced Technology Alliance (CATA).

4.      Certicom Corp.'s Elliptic Curve Cryptography (ECC)-based solutions provide exceptional security and have been adopted by the U.S. Government's National Security Agency (NSA). In 2003, the NSA paid $25 million to Certicom Corp. for the non-exclusive, worldwide license of 26 Certicom ECC patents, including the patents-in-suit (Certicom's U.S. Patent Nos. 6,563,928 and 6,704,870), for classified government communications. In February 2005, the NSA named ECC as the approved technology for key agreement and digital signature standards for the U.S. Government.

5.      Certicom's U.S. Patent Nos. 6,563,928 and 6,704,870 have enjoyed great commercial success. In addition to being licensed by the NSA, they also have been licensed by

major companies. In addition, numerous companies have licensed and received from Certicom encryption solution software which implements these patents.

6. On information and belief, Sony Japan is a Japanese corporation with a place of business at 6-7-35 Kita-Shinagawa, Shinagawa-ku, Tokyo, Japan. On information and belief, Sony Japan, directly and indirectly, with and through its wholly owned subsidiaries, manufactures and imports into the United States, and distributes, sells and offers to sell in the United States, including in the State of Texas and this judicial district, products that utilize encryption systems in accordance with the Advanced Access Content System (AACS) specification and the Digital Transmission Content Protection (DTCP) specification ("Sony Japan Products").

7. The Sony Japan Products include, but are not limited to, all products that utilize Sony's DTCP-enabled i.LINK™, DTCP-IP and/or Blu-ray technology.

8. The Sony Japan Products include, but are not limited to, the following products: Sony BDP-S1 Blu-ray disc player, Sony BWU-100A Blu-ray disc rewritable drive, Sony PlayStation 3 console, Sony PlayStation 3 software distributed on Blu-ray discs, motion pictures and television shows distributed on Blu-ray discs, Blu-ray discs, Sony VAIO computers with i.LINK™ ports, DTCP-IP and/or Blu-ray drives, Sony KDL-32XBR950 television, Sony KDL-42XBR950 television, Sony KDF-60XBR950 television, Sony KDF-70XBR950 television, Sony KDP-51WS550 television, Sony KDP-57WS550 television, Sony KDP-65WS550 television, Sony KDE-42BR950 television, Sony KDE-50BR950 television, Sony KDE-61BR950 television, Sony KDS-R50XBR1 television, Sony KDS-60XBR1 television, Sony VAIO i.LINK DVD+/-R DL/DVD+/-RW Drive External, Sony RDR-GX330 DVD player, Sony DRD-VX555 DVD player, Sony DVP-NS9100ES/B DVD player, Sony HDW-D1800 (with HKDW-105

board) VTR, Sony STR-DA9000ES home theater receiver, Sony SCD-XA9000ES super audio CD player, Sony VGX-XL3 VAIO digital living system, and Sony VGX-TP1 VAIO living room PC.

9. The Sony Japan Products are sold and offered for sale in Sony Style stores in the State of Texas, through the World Wide Web at www.Sonystyle.com, and at retail stores located within this judicial district. Sony Japan has voluntarily and purposely placed the Sony Japan Products into the stream of commerce with the expectation that they will be offered for sale and sold in the State of Texas, including this judicial district.

10. On information and belief, Sony America is a New York corporation with its principal place of business at 550 Madison Avenue, New York, New York 10022-3211. On information and belief, Sony America is a wholly owned subsidiary of Sony Japan. On information and belief, Sony America markets, sells, offers for sale and distributes in the United States, including in the State of Texas and this judicial district, products that utilize encryption systems in accordance with the AACS specification and the DTCP specification ("Sony America Products").

11. The Sony America Products include, but are not limited to, all products that utilize Sony's DTCP-enabled i.LINK™, DTCP-IP and/or Blu-ray technology.

12. The Sony America Products include, but are not limited to, the following products: Sony BDP-S1 Blu-ray disc player, Sony BWU-100A Blu-ray disc rewritable drive, Sony PlayStation 3 console, Sony PlayStation 3 software distributed on Blu-ray discs, motion pictures and television shows distributed on Blu-ray discs, Blu-ray discs, Sony VAIO computers with i.LINK™ ports, DTCP-IP and/or Blu-ray drives, Sony KDL-32XBR950 television, Sony KDL-42XBR950 television, Sony KDF-60XBR950 television, Sony KDF-70XBR950

television, Sony KDP-51WS550 television, Sony KDP-57WS550 television, Sony KDP-65WS550 television, Sony KDE-42BR950 television, Sony KDE-50BR950 television, Sony KDE-61BR950 television, Sony KDS-R50XBR1 television, Sony KDS-60XBR1 television, Sony VAIO i.LINK DVD+/-R DL/DVD+/-RW Drive External, Sony RDR-GX330 DVD player, Sony DRD-VX555 DVD player, Sony DVP-NS9100ES/B DVD player, Sony HDW-D1800 (with HKDW-105 board) VTR, Sony STR-DA9000ES home theater receiver, Sony SCD-XA9000ES super audio CD player, Sony VGX-XL3 VAIO digital living system, and Sony VGX-TP1 VAIO living room PC.

13.     The Sony America Products are sold and offered for sale in Sony Style stores in the State of Texas, through the World Wide Web at www.Sonystyle.com, and at retail stores located within this judicial district. Sony America has voluntarily and purposely placed the Sony America Products into the stream of commerce with the expectation that they will be offered for sale and sold in the State of Texas, including this judicial district.

14.     On information and belief, SCE Japan is a Japanese corporation with a place of business at 2-6-21 Minami-Aoyama, Minato-Ku, Tokyo, 107-0062, Japan. On information and belief, SCE Japan is a wholly owned subsidiary of Sony Japan. On information and belief, SCE Japan, directly and indirectly, with and through other Sony entities, manufactures and imports into the United States and distributes, sells and offers to sell in the United States, including in the State of Texas and this judicial district, products that utilize encryption systems in accordance with the AACS specification and the DTCP specification ("SCE Japan Products").

15.     The SCE Japan Products include, but are not limited to, all products that utilize Sony's DTCP-enabled i.LINK™, DTCP-IP and/or Blu-ray technology.

16. The SCE Japan Products include, but are not limited to, the Sony PlayStation 3 console and Sony PlayStation 3 software distributed on Blu-ray discs.

17. The SCE Japan Products are sold and offered for sale in Sony Style stores in the State of Texas, through the World Wide Web at www.Sonystyle.com, and at retail stores located in this judicial district. SCE Japan has voluntarily and purposely placed the SCE Japan Products into the stream of commerce with the expectation that they will be offered for sale and sold in the State of Texas, including this judicial district.

18. On information and belief, SCE America is a Delaware corporation with its headquarters at 919 East Hillsdale Boulevard, 2nd Floor, Foster City, California 94404. On information and belief, SCE America is a wholly owned subsidiary of SCE Japan and is the marketing and sales arm of SCE Japan in the United States. On information and belief, SCE America markets, sells, offers for sale and distributes in the United States, including in the State of Texas and this judicial district, products that utilize encryption systems in accordance with the AACS specification and the DTCP specification ("SCE America Products").

19. The SCE America Products include, but are not limited to, all products that utilize Sony's DTCP-enabled i.LINK™, DTCP-IP and/or Blu-ray technology.

20. The SCE America products include, but are not limited to, the Sony PlayStation 3 console and Sony PlayStation 3 software distributed on Blu-ray discs.

21. The SCE America Products are sold and offered for sale in Sony Style stores in the State of Texas, through the World Wide Web at www.Sonystyle.com, and at retail stores located in this judicial district. SCE America has voluntarily and purposely placed the SCE America Products into the stream of commerce with the expectation that they will be offered for sale and sold in the State of Texas, including this judicial district.

22. On information and belief, Sony Electronics is a Delaware corporation with its principal place of business at 16450 West Bernardo Street, San Diego, California 92127. On information and belief, Sony Electronics is a wholly owned subsidiary of Sony America. On information and belief, Sony Electronics markets, sells, offers for sale and distributes in the United States, including in the State of Texas and this judicial district, products that utilize encryption systems in accordance with the AACS specification and the DTCP specification ("Sony Electronics Products").

23. The Sony Electronics Products include, but are not limited to, all products that utilize Sony's DTCP-enabled i LINK™, DTCP-IP and/or Blu-ray technology.

24. The Sony Electronics Products include, but are not limited to, the following products: Sony BDP-S1 Blu-ray disc player, Sony BWU-100A Blu-ray disc rewritable drive, Sony VAIO computers with i LINK™ ports, DTCP-IP and/or Blu-ray drives, Sony KDL-32XBR950 television, Sony KDL-42XBR950 television, Sony KDF-60XBR950 television, Sony KDF-70XBR950 television, Sony KDP-51WS550 television, Sony KDP-57WS550 television, Sony KDP-65WS550 television, Sony KDE-42BR950 television, Sony KDE-50BR950 television, Sony KDE-61BR950 television, Sony KDS-R50XBR1 television, Sony KDS-60XBR1 television, Sony VAIO i LINK DVD+/-R DL/DVD+/-RW Drive External, Sony RDR-GX330 DVD player, Sony DRD-VX555 DVD player, Sony DVP-NS9100ES/B DVD player, Sony HDW-D1800 (with HKDW-105 board) VTR, Sony STR-DA9000ES home theater receiver, Sony SCD-XA9000ES super audio CD player, Sony VGX-XL3 VAIO digital living system, and Sony VGX-TP1 VAIO living room PC.

25. The Sony Electronics Products are sold and or offered for sale in Sony Style stores in the State of Texas, through the World Wide Web at www.Sonystyle.com, and at retail

stores located in this judicial district. Sony Electronics has voluntarily and purposely placed the Sony Electronics Products into the stream of commerce with the expectation that they will be offered for sale and sold in the State of Texas, including this judicial district.

26      On information and belief, Sony Pictures is a Delaware corporation with a principal place of business at 10202 West Washington Boulevard, Culver City, California 90232. On information and belief Sony Pictures is a wholly owned subsidiary of Sony America. On information and belief, Sony Pictures markets, sells, offers for sale and distributes in the United States, including in the State of Texas and this judicial district, products that utilize encryption systems in accordance with the AACS specification ("Sony Pictures Products").

27.      The Sony Pictures Products include, but are not limited to, all products that utilize Sony's Blu-ray technology.

28      The Sony Pictures Products include, but are not limited to, motion pictures and television shows distributed on Blu-ray discs. The Sony Pictures Products are sold and offered for sale in Sony Style stores in the State of Texas, through the World Wide Web at www.Sonystyle.com, and at retail stores located in this judicial district. Sony Pictures has voluntarily and purposely placed the Sony Pictures Products into the stream of commerce with the expectation that they will be offered for sale and sold in the State of Texas, including this judicial district.

29      On information and belief, Sony DADC is a Delaware corporation with a principal place of business in Terre Haute, Indiana. On information and belief, Sony DADC is a wholly owned subsidiary of Sony America. On information and belief, Sony DADC manufactures, markets, sells, offers for sale and distributes in the United States, including in the

State of Texas and this judicial district, products that utilize encryption systems in accordance with the AACS specification ("Sony DADC Products").

30.    The Sony DADC Products include, but are not limited to, all products that utilize Sony's Blu-ray technology.

31.    The Sony DADC Products include, but are not limited to, Blu-ray discs.

32.    On information and belief, the Sony DADC Products are sold and offered for sale in Sony Style stores in the State of Texas, through the World Wide Web at www.Sonystyle.com, and at retail stores located in this judicial district. Sony DADC has voluntarily and purposely placed the Sony DADC Products into the stream of commerce with the expectation that they will be offered for sale and sold in the State of Texas, including this judicial district.

### JURISDICTION AND VENUE

33.    This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

34.    As stated above in paragraphs 6-12, Defendants regularly and deliberately engage in activities that occur in and/or result in sales of goods and services in the State of Texas and in this judicial district that infringe United States Patents owned by Certicom. This Court has personal jurisdiction over Defendants.

35.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)-(d) and 1400(b).

### COUNT I

### INFRINGEMENT OF U.S. PATENT NO. 6,563,928

36.    Paragraphs 1-15 are hereby incorporated by reference as if fully set forth herein.

37. On May 13, 2003, United States Patent No. 6,563,928 (the "'928 Patent") entitled "Strengthened Public Key Protocol" was duly and legally issued by the United States Patent and Trademark Office with Scott A. Vanstone, Alfred John Menezes and Minghua Qu as the named inventors. A true and correct copy of the '928 Patent is attached hereto as Exhibit A.

38. The '928 Patent has been in full force and effect since its issuance. Certicom Corp. owns by assignment the entire right, title and interest in and to the '928 Patent. CPH holds an exclusive license to utilize and exploit for commercial purposes the '928 Patent, including the right to license the '928 Patent and the right to sue for past, present and future infringement of the '928 Patent. Certicom further holds a non-exclusive license and right to sub-license the '928 Patent. Certicom has complied with the notice provisions of 35 U.S.C. § 287 with respect to the '928 Patent.

39. Defendants have, and each one of them has, directly infringed, induced others to infringe, and committed acts of contributory infringement, of one or more claims of the '928 Patent, pursuant to one or more sections of 35 U.S.C. §§ 271(a)-(g), by making, using, selling, and offering to sell in the United States, and importing into the United States products that utilize encryption systems which infringe that patent. The infringing products are all products that utilize encryption systems in accordance with the DTCP specification and include, but are not limited to, all products which include DTCP-enabled i.LINK™ and DTCP-IP technology.

40. The infringing products include, but are not limited to, the Sony VAIO computers with i.LINK™ ports and/or DTCP-IP, Sony KDL-32XBR950 television, Sony KDL-42XBR950 television, Sony KDF-60XBR950 television, Sony KDF-70XBR950 television, Sony KDP-51WS550 television, Sony KDP-57WS550 television, Sony KDP-65WS550 television, Sony KDE-42BR950 television, Sony KDE-50BR950 television, Sony KDE-61BR950 television,

Sony KDS-R50XBR1 television, Sony KDS-60XBR1 television, Sony VAIO i LINK DVD+/-R DL/DVD+/-RW Drive External, Sony RDR-GX330 DVD player, Sony DRD-VX555 DVD player, Sony DVP-NS9100ES/B DVD player, Sony HDW-D1800 (with HKDW-105 board) VTR, Sony STR-DA9000ES home theater receiver, Sony SCD-XA9000ES super audio CD player, Sony VGX-XL3 VAIO digital living system, and Sony VGX-TP1 VAIO living room PC.

41     On information and belief, Defendants have been aware of the existence of the '928 Patent, but have nevertheless infringed the '928 Patent. Defendants' infringement of the '928 Patent has been and continues to be deliberate and willful, thus rendering this case "exceptional" as that term is set forth in 35 U.S.C. § 285.

## COUNT II

### INFRINGEMENT OF U.S. PATENT NO. 6,704,870

42.     Paragraphs 1-15 are hereby incorporated by reference as if fully set forth herein.

43.     On March 9, 2004, United States Patent No. 6,704,870 (the "'870 Patent") entitled "Digital Signatures on a Smartcard" was duly and legally issued by the United States Patent and Trademark Office with Scott A. Vanstone and Alfred J. Menezes as the named inventors. A true and correct copy of the '870 Patent is attached hereto as Exhibit B.

44.     The '870 Patent has been in full force and effect since its issuance. Certicom Corp. owns by assignment the entire right, title and interest in and to the '870 Patent. CPH holds an exclusive license to utilize and exploit for commercial purposes the '870 Patent, including the right to license the '870 Patent and the right to sue for past, present and future infringement of the '870 Patent. Certicom further holds a non-exclusive license and right to sub-license the '870 Patent. Certicom has complied with the notice provisions of 35 U.S.C. § 287 with respect to the '870 Patent.

45     Defendants have, and each one of them has, directly infringed, and induced others to infringe, and committed acts of contributory infringement, of one or more claims of the '870 Patent, pursuant to one or more sections of 35 U.S.C. §§ 271(a)-(g), by making, using, selling, and offering to sell in the United States, and/or importing into the United States products that utilize encryption systems which infringe that patent. The infringing products are all products that utilize encryption systems in accordance with the AACS specification and/or the DTCP specification and include, but are not limited to, all products which include DTCP-enabled i.LINK™, DTCP-IP and/or Blu-ray technology.

46     The infringing products include, but are not limited to, the Sony BDP-S1 Blu-ray disc player, Sony BWU-100A Blu-ray disc rewritable drive, Sony PlayStation 3 console, Sony PlayStation 3 software distributed on Blu-ray discs, motion pictures and television shows distributed on Blu-ray discs, Blu-ray discs, Sony VAIO computers with i.LINK™ ports, DTCP-IP and/or Blu-ray drives, Sony KDL-32XBR950 television, Sony KDL-42XBR950 television, Sony KDF-60XBR950 television, Sony KDF-70XBR950 television, Sony KDP-51WS550 television, Sony KDP-57WS550 television, Sony KDP-65WS550 television, Sony KDE-42BR950 television, Sony KDE-50BR950 television, Sony KDE-61BR950 television, Sony KDS-R50XBR1 television, Sony KDS-60XBR1 television, Sony VAIO i.LINK DVD+/-R DL/DVD+/-RW Drive External, Sony RDR-GX330 DVD player, Sony DRD-VX555 DVD player, Sony DVP-NS9100ES/B DVD player, Sony HDW-D1800 (with HKDW-105 board) VTR, Sony STR-DA9000ES home theater receiver, Sony SCD-XA9000ES super audio CD player, Sony VGX-XL3 VAIO digital living system, and Sony VGX-TP1 VAIO living room PC.

47.    On information and belief, Defendants have been aware of the existence of the '870 Patent, but have nevertheless infringed the '870 Patent. Defendants' infringement of the

'870 Patent has been and continues to be deliberate and willful, thus rendering this case "exceptional" as that term is set forth in 35 U.S.C. § 285.

## DEMAND FOR RELIEF

WHEREFORE, Certicom demands entry of judgment that:

A. Each Defendant has infringed and induced infringement of and contributed to the infringement of U.S. Patent No. 6,563,928 and U.S. Patent No. 6,704,870;

B. Each Defendant and any of its respective officers, agents, servants, employees, subsidiaries, parents, attorneys, and all persons acting in concert, on behalf of, in joint venture, or in partnership with each Defendant be enjoined from infringing, inducing to infringe and contributing to the infringement of U.S. Patent No. 6,563,928 and U.S. Patent No. 6,704,870;

C. Damages be awarded to Certicom sufficient to compensate for Defendants' infringement of U.S. Patent No. 6,563,928 and U.S. Patent No. 6,704,870;

D. Each Defendant's infringement of U.S. Patent No. 6,563,928 and U.S. Patent No. 6,704,870 is willful and deliberate;

E. This case is an exceptional case pursuant to 35 U.S.C. § 285;

F. The damages awarded to Certicom be trebled pursuant to 35 U.S.C. § 284 and that Certicom be awarded its reasonable costs and attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285;

G. Defendants' pay Certicom pre-judgment and post-judgment interest on the damages awarded;

H. In the event a permanent injunction against future acts of infringement is not granted by the Court, that Certicom be awarded a compulsory ongoing license fee; and

I. Certicom be granted such other and further relief as this Court may deem just and proper.

Respectfully submitted,

ROPES & GRAY LLP

By: *Robert Morgan by perm. MCS*

Robert C. Morgan
Laurence S. Rogers
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, New York 10036-8704
Tel: (212) 596-9000

Dated: May 30, 2007

THE ROTH LAW FIRM
Carl R. Roth
Texas Bar No. 17312000
Michael C. Smith
Texas Bar No. 18650410
115 N. Wellington, Suite 200
Marshall, Texas 75670
Telephone: (903) 935-1665
Facsimile: (903) 935-1797

*Attorneys for Plaintiffs Certicom Corp. and
Certicom Patent Holding Corp.*