# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| Certicom Corporation and Certicom Patent Holding Corporation;<br><br>     *Plaintiffs*,<br> v.<br><br>Sony Corporation, Sony Corporation of America, Sony Computer Entertainment Inc., Sony Computer Entertainment America Inc., Sony Pictures Entertainment Inc., Sony Electronics Inc. and Sony DADC US Inc.;<br><br>     *Defendants*. | Civil Action No. 2:07-CV-216-TJW<br><br>**JURY** |

## ANSWER OF DEFENDANTS TO COMPLAINT

For their Answer to the Complaint of Plaintiffs Certicom Corporation and Certicom Patent Holding Corporation (collectively, "Certicom"), Sony Corporation ("SC"), Sony Corporation of America ("SCA"), Sony Computer Entertainment Inc. ("SCEI"), Sony Computer Entertainment America Inc. ("SCEA"), Sony Pictures Entertainment Inc. ("SPE"), Sony Electronics Inc. ("SEL") and Sony DADC US Inc. ("Sony DADC US"), collectively referred to as "Defendants," upon each individual defendant's knowledge as to its own acts, and upon information and belief as to the acts of others, respond to each of the numbered paragraphs of Plaintiffs' Complaint as set forth below. Each defendant will answer each averment of the Complaint directed to it on behalf of itself and no other defendant named in this action as specified in the paragraphs below.

## The Parties

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, deny them.

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, deny them.

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, deny them.

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, deny them.

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, deny them.

6. SC admits that it is a Japanese corporation, and that it manufactures certain products that use encryption systems in conformance with a portion of the AACS specification and/or a portion of the DTCP specification. SC further admits that wholly owned subsidiaries of SC distribute, sell and/or offer to sell in the United States, including the State of Texas and this judicial district, certain of its products that use encryption systems in conformance with a portion of the AACS specification and/or a portion of the DTCP specification. Except as expressly admitted, SC denies the remaining averments of this paragraph. The remaining defendants deny the averments of this paragraph as the averments are not directed to them and/or they are without knowledge or information sufficient to form a belief as to the truth of such averments.

7. SC admits that its products that use encryption systems in conformance with a portion of the AACS specification and/or a portion of the DTCP specification include certain

products that use DTCP-enabled i.LINK™, DTCP-IP and/or Blu-ray technology. Except as expressly admitted, SC denies the remaining averments of this paragraph. The remaining defendants deny the averments of this paragraph as the averments are not directed to them and/or they are without knowledge or information sufficient to form a belief as to the truth of such averments.

8. SC admits that its products that conform with a portion of the AACS specification and/or a portion of the DTCP specification include Sony BDP-S1 Blu-ray disc player, Sony BWU-100A Blu-ray disc rewritable drive, Sony Playstation 3 computer entertainment system, Blu-ray discs containing Playstation 3 software, Blu-ray discs storing certain motion pictures and a television show, certain Blu-ray discs, Sony VAIO computers with i.LINK™ ports, DTCP-IP and/or Blue-ray drives, Sony KDL-32XBR950 television, Sony KDL-42XBR950 television, Sony KDF-60XBR950 television, Sony KDF-70XBR950 television, Sony KDP-51WS550 television, Sony KDP-57WS550 television, Sony KDP-65WS550 television, Sony KDS-R50XBR1 television, Sony KDS-60XBR1 television, Sony VAIO i.LINK DVD+/-R DL/DVD+/-RW Drive External, Sony DVP-NS9100ES/B DVD player, Sony STR-DA9000ES home theater receiver, Sony SCD-XA9000ES super audio CD player, and Sony VGX-XL3 VAIO digital living system. Except as expressly admitted, SC denies the remaining averments of this paragraph. The remaining defendants deny the averments of this paragraph as the averments are not directed to them and/or they are without knowledge or information sufficient to form a belief as to the truth of such averments.

9. SC admits that certain of its products that conform with a portion of the AACS specification and/or a portion of the DTCP specification are sold and/or offered for sale in Sony Style stores in the State of Texas, through the World Wide Web at www.Sonystyle.com, and at

retail stores located within this judicial district. Except as expressly admitted, SC denies the remaining averments of this paragraph. The remaining defendants deny the averments of this paragraph as the averments are not directed to them and/or they are without knowledge or information sufficient to form a belief as to the truth of such averments.

10. SCA admits that it is a New York corporation with its principal place of business at 550 Madison Avenue, New York, New York 10022-3211, and that it is a wholly owned subsidiary of SC. Except as expressly admitted, SCA denies the remaining averments of this paragraph. The remaining defendants deny the averments of this paragraph as the averments are not directed to them and/or they are without knowledge or information sufficient to form a belief as to the truth of such averments.

11. SCA denies the averments of this paragraph. The remaining defendants deny the averments of this paragraph as the averments are not directed to them and/or they are without knowledge or information sufficient to form a belief as to the truth of such averments.

12. SCA denies the averments of this paragraph. The remaining defendants deny the averments of this paragraph as the averments are not directed to them and/or they are without knowledge or information sufficient to form a belief as to the truth of such averments.

13. SCA denies the averments of this paragraph. The remaining defendants deny the averments of this paragraph as the averments are not directed to them and/or they are without knowledge or information sufficient to form a belief as to the truth of such averments.

14. SCEI admits that it is a Japanese corporation with a place of business at 2-6-21 Minami-Aoyama, Minato-Ku, Tokyo, 107-0062, Japan, and that it is a wholly owned subsidiary of SC. SCEI admits that it manufactures outside the United States certain products that use encryption systems in conformance with a portion of the AACS specification and/or a portion of

the DTCP specification. SCEI admits that certain of its products that conform with a portion of the AACS specification and/or a portion of the DTCP specification are sold and/or offered for sale in the United States, including the State of Texas and this judicial district. Except as expressly admitted, SCEI denies the remaining averments of this paragraph. The remaining defendants deny the averments of this paragraph as the averments are not directed to them and/or they are without knowledge or information sufficient to form a belief as to the truth of such averments.

15. SCEI admits that certain products that it manufactures outside of the United States that use encryption systems in conformance with a portion of the AACS specification and/or a portion of the DTCP specification include certain products that use DTCP-enabled i.LINK™, DTCP-IP or Blu-ray technology. Except as expressly admitted, SCEI denies the remaining averments of this paragraph. The remaining defendants deny the averments of this paragraph as the averments are not directed to them and/or they are without knowledge or information sufficient to form a belief as to the truth of such averments.

16. SCEI admits that it manufactures outside the United States certain products that conform with a portion of the AACS specification and/or a portion of the DTCP specification, including the Sony Playstation 3 computer entertainment system and Blu-ray discs containing Playstation 3 software. Except as expressly admitted, SCEI denies the remaining averments of this paragraph. The remaining defendants deny the averments of this paragraph as the averments are not directed to them and/or they are without knowledge or information sufficient to form a belief as to the truth of such averments.

17. SCEI admits that certain of the products it manufactures or has manufactured for it appear to be sold and/or offered for sale in Sony Style stores in the State of Texas, through the

World Wide Web at www.Sonystyle.com, and at retail stores located in this judicial district. Except as expressly admitted, SCEI denies the remaining averments of this paragraph. The remaining defendants deny the averments of this paragraph as the averments are not directed to them and/or they are without knowledge or information sufficient to form a belief as to the truth of such averments.

18. SCEA admits that it is a Delaware corporation with its headquarters at 919 East Hillsdale Boulevard, 2nd Floor, Foster City, California 94404. SCEA admits that it is a wholly owned subsidiary of SC. SCEA admits that it markets, sells, offers for sale and/or distributes in the United States, including in the State of Texas and this judicial district, certain products that SCEA is informed and believes, and thereby admits based on that information and belief, use encryption systems in conformance with a portion of the AACS specification and/or a portion of the DTCP specification. Except as expressly admitted, SCEA denies the remaining averments of this paragraph. The remaining defendants deny the averments of this paragraph as the averments are not directed to them and/or they are without knowledge or information sufficient to form a belief as to the truth of such averments.

19. SCEA is informed and believes and thereby admits based on information and belief that certain of the products it sells use encryption systems in conformance with a portion of the AACS specification and/or a portion of the DTCP specification and use DTCP-enabled i.LINK™, DTCP-IP or Blu-ray technology. Except as expressly admitted, SCEA denies the remaining averments of this paragraph. The remaining defendants deny the averments of this paragraph as the averments are not directed to them and/or they are without knowledge or information sufficient to form a belief as to the truth of such averments.

20. SCEA is informed and believes, and admits based on that information and belief, that it markets, sells, offers for sale and/or distributes in the United States, certain products that conform with a portion of the AACS specification and/or a portion of the DTCP specification, including the PlayStation 3 computer entertainment system and Blu-ray discs containing PlayStation 3 software. Except as expressly admitted, SCEA denies the remaining averments of this paragraph. The remaining defendants deny the averments of this paragraph as the averments are not directed to them and/or they are without knowledge or information sufficient to form a belief as to the truth of such averments.

21. SCEA admits that certain of the products it sells that it is informed and believes, and thereby admits based on that information and belief, conform with a portion of the AACS specification and/or a portion of the DTCP specification are sold and/or offered for sale in Sony Style stores in the State of Texas, through the World Wide Web at www.Sonystyle.com, and at retail stores located in this judicial district. Except as expressly admitted, SCEA denies the remaining averments of this paragraph. The remaining defendants deny the averments of this paragraph as the averments are not directed to them and/or they are without knowledge or information sufficient to form a belief as to the truth of such averments.

22. SEL admits that it is a Delaware corporation, and that it is a wholly owned subsidiary of SCA. SEL admits that it markets, sells, offers for sale and/or distributes in the United States, including the State of Texas and this judicial district, certain products that use encryption systems in conformance with a portion of the AACS specification and/or a portion of the DTCP specification. Except as expressly admitted, SEL denies the remaining averments of this paragraph. The remaining defendants deny the averments of this paragraph as the averments

are not directed to them and/or they are without knowledge or information sufficient to form a belief as to the truth of such averments.

23. SEL admits that its products that use encryption systems in conformance with a portion of the AACS specification and/or a portion of the DTCP specification include products that use DTCP-enabled i.LINK™, DTCP-IP and/or Blu-ray technology. Except as expressly admitted, SEL denies the remaining averments of this paragraph. The remaining defendants deny the averments of this paragraph as the averments are not directed to them and/or they are without knowledge or information sufficient to form a belief as to the truth of such averments.

24. SEL admits that its products that conform with a portion of the AACS specification and/or a portion of the DTCP specification include Sony BDP-S1 Blu-ray disc player, Sony BWU-100A Blu-ray disc rewritable drive, Sony VAIO computers with i.LINK™ ports, DTCP-IP and/or Blue-ray drives, Sony KDL-32XBR950 television, Sony KDL-42XBR950 television, Sony KDF-60XBR950 television, Sony KDF-70XBR950 television, Sony KDP-51WS550 television, Sony KDP-57WS550 television, Sony KDP-65WS550 television, Sony KDS-R50XBR1 television, Sony KDS-60XBR1 television, Sony VAIO i.LINK DVD+/-R DL/DVD+/-RW Drive External, Sony RDR-GX330 DVD player, Sony DRD-VX555 DVD player, Sony DVP-NS9100ES/B DVD player, Sony STR-DA9000ES home theater receiver, Sony SCD-XA9000ES super audio CD player, and Sony VGX-XL3 VAIO digital living system. Except as expressly admitted, SEL denies the remaining averments of this paragraph. The remaining defendants deny the averments of this paragraph as the averments are not directed to them and/or they are without knowledge or information sufficient to form a belief as to the truth of such averments.

25.     SEL admits that certain of its products that conform with a portion of the AACS specification and/or a portion of the DTCP specification are sold and/or offered for sale in Sony Style stores in the State of Texas, through the World Wide Web at www. Sonystyle.com, and at retail stores located in this judicial district.  Except as expressly admitted, SEL denies the remaining averments of this paragraph.  The remaining defendants deny the averments of this paragraph as the averments are not directed to them and/or they are without knowledge or information sufficient to form a belief as to the truth of such averments.

26.     SPE admits that it is a Delaware corporation with a principal place of business at 10202 West Washington Boulevard, Culver City, California 90232, and admits that it is a wholly owned subsidiary of SCA.  SPE admits that it markets, sells, offers for sale and/or distributes in the United States, including in the State of Texas and this judicial districts, certain products that SPE is informed and believes, and thereby admits based on that information and belief, include encryption in conformance with a portion of the AACS specification.  Except as expressly admitted, SPE denies the remaining averments of this paragraph.  The remaining defendants deny the averments of this paragraph as the averments are not directed to them and/or they are without knowledge or information sufficient to form a belief as to the truth of such averments.

27.     SPE is informed and believes, and thereby admits based on information and belief that certain of its products that conform with a portion of the AACS specification include products that utilize Blu-ray technology.  Except as expressly admitted, SPE denies the remaining averments of this paragraph.  The remaining defendants deny the averments of this paragraph as the averments are not directed to them and/or they are without knowledge or information sufficient to form a belief as to the truth of such averments.

28.     SPE is informed and believes, and admits based on that information and belief that its products that it believes conform with a portion of the AACS specification include Blu-ray discs storing certain motion pictures and a television show. SPE admits that certain of its products that utilize Blu-ray technology are sold and/or offered for sale in Sony Style stores in the State of Texas, through the World Wide Web at www.Sonystyle.com, and at retail stores located in this judicial district. Except as expressly admitted, SPE denies the remaining averments of this paragraph. The remaining defendants deny the averments of this paragraph as the averments are not directed to them and/or they are without knowledge or information sufficient to form a belief as to the truth of such averments.

29.     Sony DADC US admits that it is a Delaware corporation with a principal place of business in Terre Haute, Indiana, and that it is a wholly owned subsidiary of SCA. Sony DADC US admits that it manufactures and/or distributes in the United States, including in the State of Texas, certain products that Sony DADC US is informed and believes, and thereby admits based on that information and belief, include encryption in conformance with a portion of the AACS specification. Except as expressly admitted, Sony DADC US denies the remaining averments of this paragraph. The remaining defendants deny the averments of this paragraph as the averments are not directed to them and/or they are without knowledge or information sufficient to form a belief as to the truth of such averments.

30.     Sony DADC US admits that Sony DADC US manufactures and/or distributes certain products that, based on information and belief, include encryption in conformance with a portion of the AACS specification and that use Blu-ray technology. Except as expressly admitted, Sony DADC US denies the remaining averments of this paragraph. The remaining defendants deny the averments of this paragraph as the averments are not directed to them and/or

they are without knowledge or information sufficient to form a belief as to the truth of such averments.

31. Sony DADC US admits that Sony DADC US manufactures and/or distributes certain products that, based on information and belief, include encryption in conformance with a portion of the AACS specification, and that such products include certain Blu-ray discs. Except as expressly admitted, Sony DADC US denies the remaining averments of this paragraph. The remaining defendants deny the averments of this paragraph as the averments are not directed to them and/or they are without knowledge or information sufficient to form a belief as to the truth of such averments.

32. Sony DADC US admits that Sony DADC US manufactures/distributes certain products that, based on information and belief, include encryption in conformance with a portion of the AACS specification and that Sony DADC US has placed certain of such products into the stream of commerce. Except as expressly admitted, Sony DADC US denies the remaining averments of this paragraph. The remaining defendants deny the averments of this paragraph as the averments are not directed to them and/or they are without knowledge or information sufficient to form a belief as to the truth of such averments.

### Jurisdiction and Venue

33. Defendants admit that Plaintiffs' Complaint purports to state an action for patent infringement and that this Court has subject matter jurisdiction over patent infringement actions pursuant to 28 U.S.C. §§ 1331 and 1338(a).

34. Solely for purposes of this action, each of SC, SCEI, SCEA, SPE, SEL and Sony DADC US does not contest personal jurisdiction in this District and Division with respect to itself. SCA denies that this Court has personal jurisdiction over SCA. Each of the defendants

denies that any of its respective activities results in infringement of any valid and enforceable claim of U.S. Patent Nos. 6,563,928 and 6,704,870. Each of the defendants denies the remaining averments of this paragraph with respect to itself. With respect to the averments directed to any defendant other than itself, each of the defendants denies the same, as the averments are not directed to it and/or it is without knowledge or information sufficient to form a belief as to the truth of such averments.

35. Solely for purposes of this action, each of SC, SCEI, SCEA, SPE, SEL and Sony DADC US does not contest venue in this District and Division with respect to the averments made against it in the Complaint. SCA denies that venue is proper in this district with respect to the averments made against it in this Complaint. With respect to the averments directed to any defendant other than itself, each of the defendants denies the same, as the averments are not directed to it and/or it is without knowledge or information sufficient to form a belief as to the truth of such averments.

## COUNT I

### Infringement of U.S. Patent No. 6,563,928

36. Each of the defendants incorporates by reference herein its respective answers to paragraphs 1 through 35.

37. Defendants admit that U.S. Patent No. 6,563,928 (the "'928 patent") states on its face that it was issued on May 13, 2003, that it is entitled "Strengthened Public Key Protocol," and that the named inventors are Scott A. Vanstone, Alfred John Menezes and Minghua Qu. Defendants deny that the '928 patent was duly and legally issued. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph and, therefore, deny them.

38	Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, deny them.

39.	Each of the defendants denies the averments of this paragraph with respect to itself. With respect to the averments directed to any defendant other than itself, each of the defendants denies the same, as the averments are not directed to it and/or it is without knowledge or information sufficient to form a belief as to the truth of such averments.

40.	Each of the defendants denies the averments of this paragraph with respect to itself. With respect to the averments directed to any defendant other than itself, each of the defendants denies the same, as the averments are not directed to it and/or it is without knowledge or information sufficient to form a belief as to the truth of such averments.

41	Each of the defendants denies the averments of this paragraph with respect to itself. With respect to the averments directed to any defendant other than itself, each of the defendants denies the same, as the averments are not directed to it and/or it is without knowledge or information sufficient to form a belief as to the truth of such averments.

## COUNT II

### Infringement of U.S. Patent No. 6,704,870

42.	Each of the defendants incorporates by reference herein its respective answers to paragraphs 1 through 41.

43.	Defendants admit that U.S. Patent No. 6,704,870 (the "'870 patent") states on its face that it was issued on March 9, 2004, that it is entitled "Digital Signatures on Smartcard," and that the named inventors are Scott A. Vanstone and Alfred J. Menezes. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph and, therefore, deny them.

44. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, deny them.

45. Each of the defendants denies the averments of this paragraph with respect to itself. With respect to the averments directed to any defendant other than itself, each of the defendants denies the same, as the averments are not directed to it and/or it is without knowledge or information sufficient to form a belief as to the truth of such averments.

46. Each of the defendants denies the averments of this paragraph with respect to itself. With respect to the averments directed to any defendant other than itself, each of the defendants denies the same, as the averments are not directed to it and/or it is without knowledge or information sufficient to form a belief as to the truth of such averments.

47. Each of the defendants denies the averments of this paragraph with respect to itself. With respect to the averments directed to any defendant other than itself, each of the defendants denies the same, as the averments are not directed to it and/or it is without knowledge or information sufficient to form a belief as to the truth of such averments.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### Noninfringement of the Patents-in-Suit

48. None of the defendants has directly infringed, induced others to infringe, or committed acts of contributory infringement of, any valid and enforceable claim of the '870 patent or the '928 patent, nor is any of the defendants currently doing so.

### Second Affirmative Defense
### Invalidity of the Patents-In-Suit

49. Each claim of the '870 patent and the '928 patent is invalid for failure to comply with one or more of the conditions and requirements of the patent laws, including, but not limited

to, 35 U.S.C. §§ 101, 102, 103 and 112, and the rules, regulations and laws pertaining to those provisions.

### Third Affirmative Defense (SCA)
### Lack of Personal Jurisdiction

50. SCA is not subject to personal jurisdiction in this judicial district.

### Fourth Affirmative Defense (SCA)
### Improper Venue

51. Venue is not proper with respect to SCA because SCA is not subject to personal jurisdiction in this judicial district.

WHEREFORE, each of the defendants respectfully requests that the Court enter judgment:

(a) Dismissing the Complaint against it in its entirety, with prejudice;

(b) Finding that this is an exceptional case under to 35 U.S.C. § 285;

(c) Awarding it its costs in connection with this action, including reasonable attorney fees, to the fullest extent permitted under the law; and

(d) Awarding it such other and fuller relief as the Court deems just and proper.

Dated: August 31, 2007      Respectfully Submitted,

By: */s/ Melvin R. Wilcox, III*
MELVIN R. WILCOX, III
Lead Attorney
State Bar No. 21454800
SMEAD, ANDERSON & DUNN LLP
2110 Horseshoe Lane
PO Box 3343
Longview, Texas 75606
(903) 232-1892
(903) 232-1881 (fax)
mrw@smeadlaw.com

John Flock
Michelle Carniaux
KENYON & KENYON LLP
One Broadway
New York, New York 10004-1050
(212) 425-7200
(212) 425-5288 (fax)
*Attorneys for Defendanst*
Sony Corporation, Sony Corporation of America,
Sony Computer Entertainment Inc., Sony Computer
Entertainment America Inc., Sony Pictures
Entertainment Inc., Sony Electronics Inc. and Sony
DADC US Inc.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 31st day of August, 2007.

>*/s/ Melvin R. Wilcox, III*
>MELVIN R. WILCOX, III