# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| Certicom Corporation and Certicom Patent Holding Corporation;<br><br>*Plaintiffs*,<br>v.<br><br>Sony Corporation, Sony Corporation of America, Sony Computer Entertainment Inc., Sony Computer Entertainment America Inc., Sony Pictures Entertainment Inc., Sony Electronics Inc. and Sony DADC US Inc.;<br><br>*Defendants*. | Civil Action No. 2:07-CV-216-TJW |

## DEFENDANTS' AMENDED ANSWER AND COUNTERCLAIMS

For their Amended Answer to the Complaint of Plaintiffs Certicom Corporation and Certicom Patent Holding Corporation (collectively, "Certicom"), Sony Corporation ("SC"), Sony Corporation of America ("SCA"), Sony Computer Entertainment Inc. ("SCEI"), Sony Computer Entertainment America Inc. ("SCEA"), Sony Pictures Entertainment Inc. ("SPE"), Sony Electronics Inc. ("SEL") and Sony DADC US Inc. ("Sony DADC US"), collectively referred to as "Defendants," upon each individual defendant's knowledge as to its own acts, and upon information and belief as to the acts of others, respond to each of the numbered paragraphs of Plaintiffs' Complaint as set forth below. Each defendant will answer each averment of the Complaint directed to it on behalf of itself and no other defendant named in this action as specified in the paragraphs below.

### The Parties

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, deny them.

2.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, deny them.

3.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, deny them.

4.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, deny them.

5.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, deny them.

6.     SC admits that it is a Japanese corporation, and that it manufactures certain products that use encryption systems in conformance with a portion of the AACS specification and/or a portion of the DTCP specification.  SC further admits that wholly owned subsidiaries of SC distribute, sell and/or offer to sell in the United States, including the State of Texas and this judicial district, certain of its products that use encryption systems in conformance with a portion of the AACS specification and/or a portion of the DTCP specification.  Except as expressly admitted, SC denies the remaining averments of this paragraph.  The remaining defendants deny the averments of this paragraph as the averments are not directed to them and/or they are without knowledge or information sufficient to form a belief as to the truth of such averments.

7.     SC admits that its products that use encryption systems in conformance with a portion of the AACS specification and/or a portion of the DTCP specification include certain products that use DTCP-enabled i.LINK™, DTCP-IP and/or Blu-ray technology.  Except as expressly admitted, SC denies the remaining averments of this paragraph.  The remaining defendants deny the averments of this paragraph as the averments are not directed to them and/or

they are without knowledge or information sufficient to form a belief as to the truth of such averments.

8.      SC admits that its products that conform with a portion of the AACS specification and/or a portion of the DTCP specification include Sony BDP-S1 Blu-ray disc player, Sony BWU-100A Blu-ray disc rewritable drive, Sony Playstation 3 computer entertainment system, Blu-ray discs containing Playstation 3 software, Blu-ray discs storing certain motion pictures and a television show, certain Blu-ray discs, Sony VAIO computers with Blu-ray drives, Sony KDL-32XBR950 television, Sony KDL-42XBR950 television, Sony KDF-60XBR950 television, Sony KDF-70XBR950 television, Sony KDP-51WS550 television, Sony KDP-57WS550 television, Sony KDP-65WS550 television, Sony KDS-R50XBR1 television, Sony KDS-60XBR1 television, Sony DVP-NS9100ES/B DVD player, Sony STR-DA9000ES home theater receiver, Sony SCD-XA9000ES super audio CD player, and Sony VGX-XL3 VAIO digital living system. Except as expressly admitted, SC denies the remaining averments of this paragraph. The remaining defendants deny the averments of this paragraph as the averments are not directed to them and/or they are without knowledge or information sufficient to form a belief as to the truth of such averments.

9.      SC admits that certain of its products that conform with a portion of the AACS specification and/or a portion of the DTCP specification are sold and/or offered for sale in Sony Style stores in the State of Texas, through the World Wide Web at www.Sonystyle.com, and at retail stores located within this judicial district. Except as expressly admitted, SC denies the remaining averments of this paragraph. The remaining defendants deny the averments of this paragraph as the averments are not directed to them and/or they are without knowledge or information sufficient to form a belief as to the truth of such averments.

10.     SCA admits that it is a New York corporation with its principal place of business at 550 Madison Avenue, New York, New York 10022-3211, and that it is a wholly owned subsidiary of SC.  Except as expressly admitted, SCA denies the remaining averments of this paragraph.  The remaining defendants deny the averments of this paragraph as the averments are not directed to them and/or they are without knowledge or information sufficient to form a belief as to the truth of such averments.

11.     SCA denies the averments of this paragraph.  The remaining defendants deny the averments of this paragraph as the averments are not directed to them and/or they are without knowledge or information sufficient to form a belief as to the truth of such averments.

12.     SCA denies the averments of this paragraph.  The remaining defendants deny the averments of this paragraph as the averments are not directed to them and/or they are without knowledge or information sufficient to form a belief as to the truth of such averments.

13.     SCA denies the averments of this paragraph.  The remaining defendants deny the averments of this paragraph as the averments are not directed to them and/or they are without knowledge or information sufficient to form a belief as to the truth of such averments.

14.     SCEI admits that it is a Japanese corporation with a place of business at 2-6-21 Minami-Aoyama, Minato-Ku, Tokyo, 107-0062, Japan, and that it is a wholly owned subsidiary of SC.  SCEI admits that it manufactures outside the United States certain products that use encryption systems in conformance with a portion of the AACS specification.  SCEI admits that certain of its products that conform with a portion of the AACS specification are sold and/or offered for sale in the United States, including the State of Texas and this judicial district.  Except as expressly admitted, SCEI denies the remaining averments of this paragraph.  The remaining defendants deny the averments of this paragraph as the averments are not directed to

them and/or they are without knowledge or information sufficient to form a belief as to the truth of such averments.

15.     SCEI admits that certain products that it manufactures outside of the United States that use encryption systems in conformance with a portion of the AACS specification include certain products that use Blu-ray technology.  Except as expressly admitted, SCEI denies the remaining averments of this paragraph.  The remaining defendants deny the averments of this paragraph as the averments are not directed to them and/or they are without knowledge or information sufficient to form a belief as to the truth of such averments.

16.     SCEI admits that it manufactures outside the United States certain products that conform with a portion of the AACS specification, including the Sony Playstation 3 computer entertainment system and Blu-ray discs containing Playstation 3 software.  Except as expressly admitted, SCEI denies the remaining averments of this paragraph.  The remaining defendants deny the averments of this paragraph as the averments are not directed to them and/or they are without knowledge or information sufficient to form a belief as to the truth of such averments.

17.     SCEI admits that certain of the products it manufactures or has manufactured for it appear to be sold and/or offered for sale in Sony Style stores in the State of Texas, through the World Wide Web at www.Sonystyle.com, and at retail stores located in this judicial district. Except as expressly admitted, SCEI denies the remaining averments of this paragraph.  The remaining defendants deny the averments of this paragraph as the averments are not directed to them and/or they are without knowledge or information sufficient to form a belief as to the truth of such averments.

18.     SCEA admits that it is a Delaware corporation with its headquarters at 919 East Hillsdale Boulevard, 2nd Floor, Foster City, California 94404.  SCEA admits that it is a wholly

owned subsidiary of SC. SCEA admits that it markets, sells, offers for sale and/or distributes in the United States, including in the State of Texas and this judicial district, certain products that SCEA is informed and believes, and thereby admits based on that information and belief, use encryption systems in conformance with a portion of the AACS specification. Except as expressly admitted, SCEA denies the remaining averments of this paragraph. The remaining defendants deny the averments of this paragraph as the averments are not directed to them and/or they are without knowledge or information sufficient to form a belief as to the truth of such averments.

19. SCEA is informed and believes and thereby admits based on information and belief that certain of the products it sells use encryption systems in conformance with a portion of the AACS specification and use Blu-ray technology. Except as expressly admitted, SCEA denies the remaining averments of this paragraph. The remaining defendants deny the averments of this paragraph as the averments are not directed to them and/or they are without knowledge or information sufficient to form a belief as to the truth of such averments.

20. SCEA is informed and believes, and admits based on that information and belief, that it markets, sells, offers for sale and/or distributes in the United States, certain products that conform with a portion of the AACS specification, including the PlayStation 3 computer entertainment system and Blu-ray discs containing PlayStation 3 software. Except as expressly admitted, SCEA denies the remaining averments of this paragraph. The remaining defendants deny the averments of this paragraph as the averments are not directed to them and/or they are without knowledge or information sufficient to form a belief as to the truth of such averments.

21. SCEA admits that certain of the products it sells that it is informed and believes, and thereby admits based on that information and belief, conform with a portion of the AACS

specification are sold and/or offered for sale in Sony Style stores in the State of Texas, through the World Wide Web at www.Sonystyle.com, and at retail stores located in this judicial district. Except as expressly admitted, SCEA denies the remaining averments of this paragraph. The remaining defendants deny the averments of this paragraph as the averments are not directed to them and/or they are without knowledge or information sufficient to form a belief as to the truth of such averments.

22.     SEL admits that it is a Delaware corporation, and that it is a wholly owned subsidiary of SCA. SEL admits that it markets, sells, offers for sale and/or distributes in the United States, including the State of Texas and this judicial district, certain products that use encryption systems in conformance with a portion of the AACS specification and/or a portion of the DTCP specification. Except as expressly admitted, SEL denies the remaining averments of this paragraph. The remaining defendants deny the averments of this paragraph as the averments are not directed to them and/or they are without knowledge or information sufficient to form a belief as to the truth of such averments.

23.     SEL admits that its products that use encryption systems in conformance with a portion of the AACS specification and/or a portion of the DTCP specification include products that use DTCP-enabled i.LINK™ and/or Blu-ray technology. Except as expressly admitted, SEL denies the remaining averments of this paragraph. The remaining defendants deny the averments of this paragraph as the averments are not directed to them and/or they are without knowledge or information sufficient to form a belief as to the truth of such averments.

24.     SEL admits that its products that conform with a portion of the AACS specification and/or a portion of the DTCP specification include Sony BDP-S1 Blu-ray disc player, Sony BWU-100A Blu-ray disc rewritable drive, Sony VAIO computers with Blu-ray

drives, Sony KDL-32XBR950 television, Sony KDL-42XBR950 television, Sony KDF-60XBR950 television, Sony KDF-70XBR950 television, Sony KDP-51WS550 television, Sony KDP-57WS550 television, Sony KDP-65WS550 television, Sony KDS-R50XBR1 television, Sony KDS-60XBR1 television, Sony DVP-NS9100ES/B DVD player, Sony STR-DA9000ES home theater receiver, Sony SCD-XA9000ES super audio CD player, and Sony VGX-XL3 VAIO digital living system. Except as expressly admitted, SEL denies the remaining averments of this paragraph. The remaining defendants deny the averments of this paragraph as the averments are not directed to them and/or they are without knowledge or information sufficient to form a belief as to the truth of such averments.

25. SEL admits that certain of its products that conform with a portion of the AACS specification and/or a portion of the DTCP specification are sold and/or offered for sale in Sony Style stores in the State of Texas, through the World Wide Web at www. Sonystyle.com, and at retail stores located in this judicial district. Except as expressly admitted, SEL denies the remaining averments of this paragraph. The remaining defendants deny the averments of this paragraph as the averments are not directed to them and/or they are without knowledge or information sufficient to form a belief as to the truth of such averments.

26. SPE admits that it is a Delaware corporation with a principal place of business at 10202 West Washington Boulevard, Culver City, California 90232, and admits that it is a wholly owned subsidiary of SCA. SPE admits that it markets, sells, offers for sale and/or distributes in the United States, including in the State of Texas and this judicial districts, certain products that SPE is informed and believes, and thereby admits based on that information and belief, include encryption in conformance with a portion of the AACS specification. Except as expressly admitted, SPE denies the remaining averments of this paragraph. The remaining defendants

deny the averments of this paragraph as the averments are not directed to them and/or they are without knowledge or information sufficient to form a belief as to the truth of such averments.

27.    SPE is informed and believes, and thereby admits based on information and belief that certain of its products that conform with a portion of the AACS specification include products that utilize Blu-ray technology.  Except as expressly admitted, SPE denies the remaining averments of this paragraph.  The remaining defendants deny the averments of this paragraph as the averments are not directed to them and/or they are without knowledge or information sufficient to form a belief as to the truth of such averments.

28.    SPE is informed and believes, and admits based on that information and belief that its products that it believes conform with a portion of the AACS specification include Blu-ray discs storing certain motion pictures and a television show.  SPE admits that certain of its products that utilize Blu-ray technology are sold and/or offered for sale in Sony Style stores in the State of Texas, through the World Wide Web at www.Sonystyle.com, and at retail stores located in this judicial district.  Except as expressly admitted, SPE denies the remaining averments of this paragraph.  The remaining defendants deny the averments of this paragraph as the averments are not directed to them and/or they are without knowledge or information sufficient to form a belief as to the truth of such averments.

29.    Sony DADC US admits that it is a Delaware corporation with a principal place of business in Terre Haute, Indiana, and that it is a wholly owned subsidiary of SCA.  Sony DADC US admits that it manufactures and/or distributes in the United States, including in the State of Texas, certain products that Sony DADC US is informed and believes, and thereby admits based on that information and belief, include encryption in conformance with a portion of the AACS specification.  Except as expressly admitted, Sony DADC US denies the remaining averments of

this paragraph. The remaining defendants deny the averments of this paragraph as the averments are not directed to them and/or they are without knowledge or information sufficient to form a belief as to the truth of such averments.

30. Sony DADC US admits that Sony DADC US manufactures and/or distributes certain products that, based on information and belief, include encryption in conformance with a portion of the AACS specification and that use Blu-ray technology. Except as expressly admitted, Sony DADC US denies the remaining averments of this paragraph. The remaining defendants deny the averments of this paragraph as the averments are not directed to them and/or they are without knowledge or information sufficient to form a belief as to the truth of such averments.

31. Sony DADC US admits that Sony DADC US manufactures and/or distributes certain products that, based on information and belief, include encryption in conformance with a portion of the AACS specification, and that such products include certain Blu-ray discs. Except as expressly admitted, Sony DADC US denies the remaining averments of this paragraph. The remaining defendants deny the averments of this paragraph as the averments are not directed to them and/or they are without knowledge or information sufficient to form a belief as to the truth of such averments.

32. Sony DADC US admits that Sony DADC US manufactures/distributes certain products that, based on information and belief, include encryption in conformance with a portion of the AACS specification and that Sony DADC US has placed certain of such products into the stream of commerce. Except as expressly admitted, Sony DADC US denies the remaining averments of this paragraph. The remaining defendants deny the averments of this paragraph as

the averments are not directed to them and/or they are without knowledge or information sufficient to form a belief as to the truth of such averments.

**Jurisdiction and Venue**

33.     Defendants admit that Plaintiffs' Complaint purports to state an action for patent infringement and that this Court has subject matter jurisdiction over patent infringement actions pursuant to 28 U.S.C. §§ 1331 and 1338(a).

34.     Solely for purposes of this action, each of SC, SCEI, SCEA, SPE, SEL and Sony DADC US does not contest personal jurisdiction in this District and Division with respect to itself.  SCA denies that this Court has personal jurisdiction over SCA.  Each of the defendants denies that any of its respective activities results in infringement of any valid and enforceable claim of U.S. Patent Nos. 6,563,928 and 6,704,870.  Each of the defendants denies the remaining averments of this paragraph with respect to itself.  With respect to the averments directed to any defendant other than itself, each of the defendants denies the same, as the averments are not directed to it and/or it is without knowledge or information sufficient to form a belief as to the truth of such averments.

35.     Solely for purposes of this action, each of SC, SCEI, SCEA, SPE, SEL and Sony DADC US does not contest venue in this District and Division with respect to the averments made against it in the Complaint.  SCA denies that venue is proper in this district with respect to the averments made against it in this Complaint.  With respect to the averments directed to any defendant other than itself, each of the defendants denies the same, as the averments are not directed to it and/or it is without knowledge or information sufficient to form a belief as to the truth of such averments.

**COUNT I**

### Infringement of U.S. Patent No. 6,563,928

36.     Each of the defendants incorporates by reference herein its respective answers to paragraphs 1 through 35.

37.     Defendants admit that U.S. Patent No. 6,563,928 (the "'928 patent") states on its face that it was issued on May 13, 2003, that it is entitled "Strengthened Public Key Protocol," and that the named inventors are Scott A. Vanstone, Alfred John Menezes and Minghua Qu. Defendants deny that the '928 patent was duly and legally issued. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph and, therefore, deny them.

38     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, deny them.

39.     Each of the defendants denies the averments of this paragraph with respect to itself. With respect to the averments directed to any defendant other than itself, each of the defendants denies the same, as the averments are not directed to it and/or it is without knowledge or information sufficient to form a belief as to the truth of such averments.

40.     Each of the defendants denies the averments of this paragraph with respect to itself. With respect to the averments directed to any defendant other than itself, each of the defendants denies the same, as the averments are not directed to it and/or it is without knowledge or information sufficient to form a belief as to the truth of such averments.

41     Each of the defendants denies the averments of this paragraph with respect to itself. With respect to the averments directed to any defendant other than itself, each of the defendants denies the same, as the averments are not directed to it and/or it is without knowledge or information sufficient to form a belief as to the truth of such averments.

### COUNT II

## Infringement of U.S. Patent No. 6,704,870

42.     Each of the defendants incorporates by reference herein its respective answers to paragraphs 1 through 41.

43.     Defendants admit that U.S. Patent No. 6,704,870 (the "'870 patent") states on its face that it was issued on March 9, 2004, that it is entitled "Digital Signatures on Smartcard," and that the named inventors are Scott A. Vanstone and Alfred J. Menezes.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph and, therefore, deny them.

44.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, deny them.

45.     Each of the defendants denies the averments of this paragraph with respect to itself.  With respect to the averments directed to any defendant other than itself, each of the defendants denies the same, as the averments are not directed to it and/or it is without knowledge or information sufficient to form a belief as to the truth of such averments.

46.     Each of the defendants denies the averments of this paragraph with respect to itself.  With respect to the averments directed to any defendant other than itself, each of the defendants denies the same, as the averments are not directed to it and/or it is without knowledge or information sufficient to form a belief as to the truth of such averments.

47.     Each of the defendants denies the averments of this paragraph with respect to itself.  With respect to the averments directed to any defendant other than itself, each of the defendants denies the same, as the averments are not directed to it and/or it is without knowledge or information sufficient to form a belief as to the truth of such averments.

## DEFENSES

### First Defense

## Noninfringement of the Patents-in-Suit

48.     None of the defendants has directly infringed, induced others to infringe, or committed acts of contributory infringement of, any valid and enforceable claim of the '870 patent or the '928 patent, nor is any of the defendants currently doing so.

### Second Defense
### Invalidity of the Patents-In-Suit

49.     Each claim of the '870 patent and the '928 patent is invalid for failure to comply with one or more of the conditions and requirements of the patent laws, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112, and the rules, regulations and laws pertaining to those provisions.

### Third Defense (SCA)
### Lack of Personal Jurisdiction

50.     SCA is not subject to personal jurisdiction in this judicial district.

### Fourth Defense (SCA)
### Improper Venue

51.     Venue is not proper with respect to SCA because SCA is not subject to personal jurisdiction in this judicial district.

### Fifth Defense
### Unenforceability of the '870 Patent due to Inequitable Conduct

52.     The '870 patent is void and unenforceable because, for example, the named inventors and the individuals associated with the filing and prosecution of the application that resulted in the issuance of the '870 patent breached their duty of candor and good faith dealing with the United States Patent and Trademark Office ("USPTO") by failing to disclose to the USPTO material information and material documents, with an intent to mislead or deceive the USPTO.

53.     The application that matured into the '870 patent (the "'870 application") was filed on August 29, 2001 and issued as the '870 patent on March 9, 2004.

54.     The '870 patent claims priority to, and is a continuation of, U.S. Patent Application No. 09/434,247, filed on November 5, 1999, now U.S. Patent No. 6,925,564, which is a continuation-in-part of U.S. Patent Application No. 08/632,845, filed on April 16, 1996, now U.S. Patent No. 5,999,626.

55.     Scott A. Vanstone and Alfred J. Menezes are named inventors of the '870 patent.

56.     On or about October 30, 1994, Alfred J. Menezes, Minghua Qu and Scott A. Vanstone authored a document entitled "IEEE P1363 Standard, Standard for RSA, Diffie-Hellman and Related Public-Key Cryptography, Part 6: Elliptic Curve Systems (Draft 2)" (the "October 30, 1994 document").  A true and correct copy of the October 30, 1994 document is attached hereto as Exhibit A.

57.     The October 30, 1994 document is a draft of a section of the IEEE P1363 Standard, Standard for RSA, Diffie-Hellman and Related Public-Key Cryptography.

58.     On or about November 1, 1994, Alfred J. Menezes and Scott A. Vanstone attended a meeting of the IEEE P1363 Standards Committee in Fairfax, Virginia (the "November 1, 1994 meeting" ).

59.     The November 1, 1994 meeting was open to the public.

60.     In addition to Alfred J. Menezes and Scott A. Vanstone, approximately fourteen other people (the "Attendees") attended the November 1, 1994 meeting.

61.     During the November 1, 1994 meeting, Alfred J. Menezes and/or Scott A. Vanstone distributed copies of the October 30, 1994 document to the Attendees.

62.     The Attendees were not required, by agreement or otherwise, to maintain the October 30, 1994 document or its contents in secret.

63.     At least at the time of the November 1, 1994 meeting, the Attendees were members of the public interested in public key cryptography.

64.     The October 30, 1994 document was publicly available more than one year before April 16, 1996.

65.     The October 30, 1994 document was available via anonymous ftp over the Internet at "rsa.com" more than one year before April 16, 1996.

66.     The October 30, 1994 document was available and accessible to the public interested in public-key cryptography more than one year before April 16, 1996.

67.     The October 30, 1994 document constitutes prior art to the '870 patent under 35 U.S.C. § 102(b).

68.     During the prosecution of the '870 application, Alfred J. Menezes, Scott A. Vanstone, and the individuals associated with the filing and prosecution of the applications that resulted in the issuance of the '870 patent knowingly failed to disclose to the USPTO the October 30, 1994 document..

69.     Under 37 C.F.R. § 1.56, each individual associated with the filing and prosecution of the '870 application had, during the entire pendency of that patent application, a duty of candor and good faith in dealing with the USPTO, which included a duty to disclose to the USPTO all information known to those individuals to be material to patentability of the pending claims.

70.     The October 30, 1994 document is material to the patentability of the claims of the '870 patent because it is not cumulative to information of record during prosecution of the

'870 patent, and, it establishes, by itself or in combination with other information, a prima facie case of unpatentability of at least some of the claims of the '870 patent.

71. Based on, for example, Alfred J. Menezes, Scott A. Vanstone, and the individuals associated with the filing and prosecution of the applications that resulted in the issuance of the '870 patent knowing failure to disclose the October 30, 1994 document to the USPTO during the prosecution of the '870 patent, with an intent to mislead or deceive the USPTO, Alfred J. Menezes, Scott A. Vanstone, and the individuals associated with the filing and prosecution of the applications that resulted in the issuance of the '870 patent failed to comply with their duty of candor and good faith and the requirements of 37 C.F.R. § 1.56, and the '870 patent is thereby rendered void and unenforceable.

## COUNTERCLAIMS

For their counterclaims against Certicom, SC, SCEI, SCEA, SPE, SEL and Sony DADC US allege upon knowledge and facts concerning themselves, and upon information and belief as to the facts concerning others, that:

### The Parties

72. Counterclaim Plaintiff Sony Corporation ("SC") is a corporation organized and existing under the laws of Japan, with a place of business at 6-7-35 Kita-Shinagawa, Shinagawa-ku, Tokyo.

73. Counterclaim Plaintiff Sony Computer Entertainment Inc. ("SCEI") is a Japanese corporation with a place of business at 2-6-21 Minami-Aoyama, Minato-Ku, Tokyo.

74.     Counterclaim Plaintiff Sony Computer Entertainment America Inc. ("SCEA") is a Delaware corporation with its headquarters at 919 East Hillsdale Boulevard, 2nd Floor, Foster City, California 94404.

75.     Counterclaim Plaintiff Sony Pictures Entertainment Inc. ("SPE") is a Delaware corporation with a principal place of business at 10202 West Washington Boulevard, Culver City, California 90232.

76.     Counterclaim Plaintiff Sony Electronics Inc. ("SEL") is a Delaware corporation with a place of business in San Diego, California.

77.     Counterclaim Plaintiff Sony DADC US Inc. ("Sony DADC US") is a Delaware corporation with a principal place of business in Terre Haute, Indiana, (the Counterclaim Plaintiffs collectively "Sony").

78.     Counterclaim Defendant Certicom Corp. has alleged that it is a Canadian corporation with a place of business at 5520 Explorer Drive, Mississauga, Ontario, Canada L4W 5L1. Certicom Corp. has alleged that it does business in the State of Texas.

79.     Counterclaim Defendant Certicom Patent Holding Corp. has alleged that it is an Ontario corporation with a place of business at 5520 Explorer Drive, Mississauga, Ontario, Canada L4W 5L1, (the Counterclaim Defendants collectively "Certicom").

**Jurisdiction and Venue**

80.     Sony's counterclaims for declaratory judgments of non infringement, invalidity, and unenforceability arises under Fed. R. Civ. P. 13, the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and 35 U.S.C. §§ 1 *et seq.* This court has subject matter jurisdiction over these counterclaims under 35 U.S.C. §§ 1331, 1338(a) and 2201.

81.     An actual and justiciable controversy exists between Sony and Certicom as to Sony's declaratory judgment counterclaims by virtue of, for example, the averments in Certicom's Complaint and Sony's Answer in this action as to infringement, validity and enforceability of U.S. Patent Nos. 6,563,928 and 6,704,870 (the "patents-in-suit").

82.     Venue is proper under 28 U.S.C. § 1391 (b)-(d).

## FIRST COUNTERCLAIM
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

83.     Sony incorporates the averments of paragraphs 1-82 of its Amended Answer and Counterclaims, as though fully set forth herein.

84.     Sony has not directly infringed, contributed to the infringement of, or actively induced others to infringe any valid and enforceable claim of U.S. Patent No. 6,563,928 (the "'928 patent"), nor is Sony currently doing so.

85.     Sony has not directly infringed, contributed to the infringement of, or actively induced others to infringe any valid and enforceable claim of U.S. Patent No. 6,704,870 (the "'870 patent"), nor is Sony currently doing so.

## SECOND COUNTERCLAIM
## DECLARATORY JUDGMENT OF INVALIDITY

86.     Sony incorporates the averments of paragraphs 1-85 of its Amended Answer and Counterclaims, as though fully set forth herein.

87.     Each claim of the '928 patent is invalid for failure to comply with one or more of the conditions and requirements of the patent laws of the United States, including, but not limited

to, 35 U.S.C. §§ 101, 102, 103 and 112, and the rules, regulations and laws pertaining to those provisions.

88.     Each claim of the '870 patent is invalid for failure to comply with one or more of the conditions and requirements of the patent laws of the United States, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112, and the rules, regulations and laws pertaining to those provisions.

## THIRD COUNTERCLAIM
## DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '870 PATENT

89.     Sony incorporates the averments of paragraphs 1-88 of its Amended Answer and Counterclaims, as though fully set forth herein.

90.     All claims of the '870 patent are void and unenforceable because the inventor(s) and/or the individuals associated with the filing and prosecution of the application from which the '870 patent issued engaged in inequitable conduct during prosecution of the application that matured into the '870 patent.

**WHEREFORE**, SC, SCA, SCEI, SCEA, SPE, SEL and Sony DADC US respectfully request that the Court enter judgment:

(a)     Dismissing the Complaint against it in its entirety, with prejudice;

(b)     Finding that this is an exceptional case under to 35 U.S.C. § 285;

(c)     Awarding each of SC, SCA, SCEI, SCEA, SPE, SEL and Sony DADC US its costs in connection with this action, including reasonable attorney fees, to the fullest extent permitted under the law; and

(d)     Awarding it such other and fuller relief as the Court deems just and proper; and

**WHEREFORE**, SC, SCEI, SCEA, SPE, SEL and Sony DADC US additionally request

that the Court enter judgment:

(e) Declaring that SC, SCEI, SCEA, SPE, SEL and Sony DADC US do not infringe and have not infringed any valid, enforceable claim of the '928 and '870 patents, either directly or indirectly;

(f) Declaring that the '928 and '870 patents are invalid; and

(g) Declaring that the '870 patent is unenforceable.

Dated: April 24, 2008     Respectfully Submitted,

        By: */s/ **Melvin R. Wilcox,*** III
        MELVIN R. WILCOX, III
        Lead Attorney
        State Bar No. 21454800
        **YARBROUGH ♦ WILCOX PLLC**
        Attorneys at Law
        100 E. Ferguson Street
        Tyler, TX 75702
        (903) 595-1133
        (903) 595-0191(fax)
        mrw@yw-lawfirm.com

        John Flock
        Michelle Carniaux
        KENYON & KENYON LLP
        One Broadway
        New York, New York 10004-1050
        (212) 425-7200
        (212) 425-5288 (fax)

        *Attorneys for Defendants and Counterclaim Plaintiffs*
        Sony Corporation, Sony Corporation of America, Sony Computer Entertainment Inc., Sony Computer Entertainment America Inc., Sony Pictures Entertainment Inc., Sony Electronics Inc. and Sony DADC US Inc.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 24th day of April, 2008.

*/s/ Melvin R. Wilcox, III*
MELVIN R. WILCOX, III