## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| Certicom Corporation and Certicom Patent Holding Corporation; <br><br> *Plaintiffs*, <br> *v.* <br><br> Sony Corporation, Sony Corporation of America, Sony Computer Entertainment Inc., Sony Computer Entertainment America Inc., Sony Pictures Entertainment Inc., Sony Electronics Inc. and Sony DADC US Inc.; <br><br> *Defendants*. | Civil Action No. 2:07-CV-216-TJW |

## STIPULATED PROTECTIVE ORDER

The Court issues this Protective Order to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

In support of this order, the court finds that:

1.      Documents or information containing confidential proprietary and business information and/or trade secrets ("Confidential Information") that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation;

2.      The parties to this litigation may assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage;

1

3. The parties to this litigation may also assert that confidentiality in this litigation is particularly important because cryptographic technology is at issue;

4. Counsel for the party or parties receiving Confidential Information are presently without sufficient information to accept the representation(s) made by the party or parties producing Confidential Information as to the confidential, proprietary, and/or trade secret nature of such Confidential Information; and

5. To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

**IT IS THEREFORE ORDERED THAT:**

1. Documents or discovery responses containing Confidential Information disclosed or produced by any party in this litigation are referred to as "Protected Documents." Except as otherwise indicated below, all documents or discovery responses designated by the producing party as "Confidential," "Confidential – Outside Counsel Limited," or "Confidential – Outside Counsel's Eyes Only," and which are disclosed or produced to the attorney's for the other parties to this litigation are Protected Documents and are entitled to confidential treatment as described below.

2. Protected Documents shall not include (a) advertising materials distributed to the general public, (b) materials that have been published or are public, or (c) documents that have been submitted to any governmental entity without a request for confidential treatment. "Confidential – Outside Counsel's Eyes Only Limited" shall be limited to documents or materials that are third party confidential, or confidential sales or financial information. However, certain confidential sales and financial information (specifically gross and net sales volumes and dollar or yen amounts for models or products) shall be designated

"Confidential – Outside Counsel Eyes Only." "Confidential – Outside Counsel's Eyes Only" shall also include documents or materials that relate to confidential technical matters (including, e.g., technical descriptions, source code, product designs and the like) of a party.

3. At any time after the delivery of Protected Documents, counsel for the party or parties receiving the Protected Documents may challenge the designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Documents. If the parties are unable to agree as to whether the designation of discovery material is appropriate, the party or parties receiving the Protected Documents shall certify to the Court that the parties cannot reach an agreement as to the "Confidential," "Confidential – Outside Counsel's Eyes Only" or "Confidential – Outside Counsel's Eyes Only Limited" nature of all or a portion of the Protected Documents. Thereafter, the party or parties disclosing or producing the Protected Documents shall have ten (10) business days from the date of certification to file a motion for protective order with regard to any Protected Documents in dispute. The party or parties producing the Protected Documents shall have the burden of establishing that the disputed Protected Documents are entitled to "Confidential," "Confidential – Outside Counsel's Eyes Only," or "Confidential – Outside Counsel's Eyes Only Limited" treatment. If the party or parties producing the Protected Documents do not timely file a motion for protective order, then the Protected Documents in dispute shall no longer be subject to "Confidential," "Confidential – Outside Counsel's Eyes Only," or "Confidential – Outside Counsel's Eyes Only Limited" treatment as provided in this Order. All Protected Documents are entitled to "Confidential," "Confidential – Outside

Counsel's Eyes Only," or "Confidential – Outside Counsel's Eyes Only Limited" treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all or a portion of a Protected Document is entitled to "Confidential," "Confidential – Outside Counsel's Eyes Only," or "Confidential – Outside Counsel's Eyes Only Limited" treatment.

4. Protected Documents and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below. Protected Documents and any information contained therein shall be used solely for the prosecution of this litigation.

5. Documents designated as "Confidential" and any information contained therein shall be disclosed only to the following persons:

   (a) Counsel of record in this action for the party or parties receiving Protected Documents or any information contained therein;

   (b) Employees of such counsel (excluding experts and investigators) assigned to and necessary to assist such counsel in the preparation and trial of this action;

   (c) The Court;

   (d) Up to two (2) employees of each defendant or three employees of Plaintiff receiving Protected Documents or any information contained therein; provided, however, that

   (i) the employee is either in-house counsel of the party or an employee whose primary area of responsibility is advising or assisting the party with licensing or litigation matters;

(ii) an identification of the name, title and area of responsibility of the employee is served on all counsel of record at least ten (10) business days before the Protected Documents or any information contained therein is shown to such employee; and

(iii) no party objects in writing to such disclosure within those ten (10) business days. If any such objection is made, it must be in writing and state the reasons for such objection; thereafter, no disclosure of Protected Documents or any information contained therein shall be made to that employee as to material produced by the objecting party until the matter is resolved by the Court or upon agreement of the parties.

In the event that an employee designated for access to Protected Documents is reassigned, transferred, terminated or otherwise no longer involved in this litigation, a replacement employee may be designated through the same process.

(e) Consultants/experts for each of the parties, said consultants/experts not being potential fact witnesses in this action, but specifically engaged by counsel or the parties to assist in this litigation; provided, however, that

(i) any such consultant/expert has signed an undertaking in the form of Exhibit A;

(ii) a copy of the signed undertaking, a curriculum vitae of the proposed consultant/expert, and an identification of any past or present employment or consulting relationship with any party or any related company is served on all counsel of record at least ten (10) business days ("the objection

period") before the Protected Documents or any information contained therein is shown to such consultant/expert; and

  (iii) no party objects in writing to such disclosure within the objection period. If any such objection is made, it must be in writing and state the reasons for such objection; thereafter, no disclosure of Protected Documents or any information contained therein shall be made to that consultant/expert as to material produced by the objecting party until the matter is resolved by the Court or upon agreement of the parties;

  (iv) in appropriate circumstances, a party may request in writing consent of the other parties for an objection period that is less than ten (10) days, and such consent shall not be unreasonably withheld.

6. Documents designated as "Confidential – Outside Counsel's Eyes Only" and any information contained therein shall be disclosed only to the following persons:

 (a) Counsel of record in this action for the party or parties receiving Protected Documents or any information contained therein;

 (b) Employees of such counsel (excluding experts and investigators) assigned to and necessary to assist such counsel in the preparation and trial of this action;

 (c) Mr. Mark Gorman of Sony Corporation of America and Mr. David Lewis of Certicom, and, with respect to each, provided that he agrees, in writing, to the terms of Paragraph 9;

 (d) The Court; and

(e) Consultants/experts for each of the parties, said consultants/experts not being potential fact witnesses in this action, but specifically engaged by counsel or the parties to assist in this litigation; provided, however, that

   (i) any such consultant/expert has signed an undertaking in the form of Exhibit A;

   (ii) a copy of the signed undertaking, a curriculum vitae of the proposed consultant/expert, and an identification of any past or present employment or consulting relationship with any party or any related company is served on all counsel of record at least ten (10) business days before the Protected Documents or any information contained therein is shown to such consultant/expert; and

   (iii) no party objects in writing to such disclosure within those ten (10) business days. If any such objection is made, it must be in writing and state the reasons for such objection; thereafter, no disclosure of Protected Documents or any information contained therein shall be made to that consultant/expert as to material produced by the objecting party until the matter is resolved by the Court or upon agreement of the parties.

7. Documents designated as "Confidential – Outside Counsel's Eyes Only Limited" and any information contained therein shall be disclosed only to the persons listed in Section 6, except neither Mr. Mark Gorman or Mr. David Lewis can receive "Confidential – Outside Counsel's Eyes Only Limited" documents or information. However, counsel of record in this action for the party or parties receiving "Confidential – Outside Counsel's Eyes Only Limited" documents or any information contained therein may give a general

description (without specifics) of third party confidential information to an in-house counsel for the party or parties only for the purpose of advising such in-house counsel for the party or parties on the merits of this action.

8. The parties acknowledge that certain technical information may constitute a trade secret or be of such a sensitive nature that they receive additional protections against access and dissemination by a party in the ordinary course of business. This technical information includes software source code, Hardware Description Language, semiconductor architecture design, and descriptions of cryptographic parameters, keys and signatures, that, although already qualified to be designated as "Confidential – Outside Counsel's Eyes Only," are deserving of greater protection. The following additional procedures shall apply to such material in order to minimize the exchange of such material to only that which is needed by a party to prosecute this lawsuit:

(a) Such materials shall be stamped "Super Confidential-Outside Counsel Eyes Only" (herein after "Super Confidential Material")

(b) Access to such materials, including any Hardware Description Language (HDL) code files describing the hardware design of any ASIC or other chips, source code, object code or similarly sensitive code, any descriptions of semiconductor designs or masks, descriptions of the operation of source code, object code, or similarly sensitive code, or descriptions of cryptographic parameters, keys and signatures, if in electronic form shall only be provided on "stand-alone" computers (that is, not capable of being connected to a network, Internet or peripheral device except that the stand-alone computers will be connected to a printer or printers) at a secured room located at the offices of trial counsel. If in hardcopy, it shall be

stored at a secure room located at the offices of trial counsel. The producing party will allow access to such computer during regular business hours (9:00 a.m. to 6:00 p.m. local time) on twenty-four (24) hours notice and shall provide reasonable additional availability as needed. Where the Super Confidential Material is in electronic form, the producing party will allow access in a computer searchable format, but need not provide executable code. No electronic copies of the materials will be made.

The individuals who are reviewing the materials (the "Reviewers") will be allowed to select documents the reviewer believes are necessary for the prosecution or defense of the litigation and print paper copies of such portions of the Super Confidential Material on pre-numbered pages and take those paper copies with them when leaving the facility. Paper copies of the Super Confidential Material shall include bates numbers and "Super Confidential Material" labels when printed. The receiving party must keep the paper copies of portions of the Super Confidential Material in a secured container or location at all times at the offices of the receiving party's trial counsel when outside the secure facility. To the extent that the Super Confidential Material is transferred between the receiving party's trial counsel and the location of a deposition, the Super Confidential Material shall be stored in a secured container. No more than 3 copies of any page may be made without prior approval by the producing party, which shall be reasonably given. If a party learns that the conditions of this section 8 have been violated (even if unintentional), it shall immediately notify the producing party and shall make its best efforts to correct the violation.

9. Any person who receives any document designated "Confidential – Outside Counsel's Eyes Only," "Confidential – Outside Counsel's Eyes Only Limited" or "Super Confidential Material" (or any information contained therein), and which contains technical information, shall not have any involvement in: (i) the preparation and/or prosecution of any application(s) for patent for any party or affiliate thereof that relate to the technical field described in the received information, or (ii) the preparation and/or prosecution of any application(s) for patent for any third party that relate to content (e.g., digital video and/or audio) protection (e.g., encryption, access control, etc.) or device authentication, from the time of receipt of such information through and including one (1) year following either the entry of a final non-appealable judgment or order or the complete settlement of all claims against all parties in this action.  The provisions of this Paragraph relate to individuals, and do not run to an attorney's entire law firm.  In other words, an attorney shall be subject to these provisions if the attorney receives any document designated "Confidential – Outside Counsel's Eyes Only," "Confidential - Outside Counsel's Eyes Only Limited", "Super Confidential Material" (or any information contained therein), and which contains technical information, but other attorneys in the same law firm who have not received such documents or information and who have not discussed such documents or information will not themselves be subject to the provisions of this Paragraph.

10. Notwithstanding Paragraphs 5, 6, 7, 8 and 9 above, any witness may be shown at a deposition, or examined on, any document containing material designated "Confidential," or "Confidential – Outside Counsel's Eyes Only," "Confidential – Outside Counsel's Eyes Only Limited" or "Super Confidential Material" if it appears from the face of the

document that the witness authored or previously received a copy of it, or if specific documentary or testimonial evidence of that witness or others indicates that the document was communicated to or from the witness, or if the designating party so agrees. Nothing herein prevents any party from disclosing its own documents or its own information to its own employees.  Also nothing herein prevents showing a party's retained expert documents produced by the party who retained the expert.

11. The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

12. Any party may designate any or all portions of depositions taken in this action as "Confidential," "Confidential – Outside Counsel's Eyes Only," "Confidential – Outside Counsel's Eyes Only Limited," and/or "Super Confidential" either (1) by making a statement on the record at the deposition, or (2) by serving notice in writing to counsel of record within twenty (20) days of receiving the transcript of the deposition.  Only those portions of a deposition that actually contain "Confidential," "Confidential – Outside Counsel's Eyes Only," "Confidential – Outside Counsel's Eyes Only Limited," and/or "Super Confidential Material" may be so designated.  All deposition transcripts will be treated as Highly Confidential Information until a party designates any or all portions of the transcript as "Confidential" "Confidential – Outside Counsel's Eyes Only," "Confidential – Outside Counsel's Eyes Only Limited," and/or "Super Confidential Material" or until twenty (20) days after receipt of the transcript, whichever is earlier.

13. Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all "Confidential," "Confidential – Outside Counsel's Eyes Only, "

"Confidential – Outside Counsel's Eyes Only Limited" or "Super Confidential Material" information designated as such under this Order shall remain "Confidential," "Confidential – Outside Counsel's Eyes Only," "Confidential – Outside Counsel's Eyes Only Limited' or "Super Confidential Material" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

14. No Protected Documents or information contained therein shall be filed in the public record of this action. Any document or thing containing or embodying material designated as "Confidential," "Confidential – Outside Counsel's Eyes Only," "Confidential – Outside Counsel's Eyes Only Limited," and/or "Super Confidential Material" shall be filed in accordance with Local Rule CV-5(a)(7)(C).

15. Production of documents or information containing Confidential Information which are not designated "Confidential," "Confidential – Outside Counsel's Eyes Only," "Confidential – Outside Counsel's Eyes Only Limited" or "Super Confidential Material" shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that produces such undesignated materials may obtain the return of those materials by promptly notifying the recipients of the proper designation and thereafter providing properly designated copies thereof. The recipients shall then gather and return all copies of the undesignated materials to the producing party, except for any pages containing privileged markings by the recipient which shall instead be destroyed and certified as such by the recipient to the producing party.

16. Any party that mistakenly produces materials protected by the attorney-client privilege, work product doctrine, or other privilege, doctrine, or right may obtain the return of those materials by promptly notifying the recipients of the privilege and thereafter providing a privilege log therefore. The recipients shall then gather and return all copies of the privileged materials to the producing party, except for any pages containing privileged markings by the recipient which shall instead be destroyed and certified as such by the recipient to the producing party. It is expressly agreed that not reviewing electronically stored documents for documents that are privileged or otherwise immune from discovery does not constitute a waiver of the applicable protections. This provision is in addition to the obligations a party has under the Federal Rules, including obligations under Rule 26(b)(5)(B).

17. The party or parties receiving Protected Documents shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Documents or any information contained therein.

18. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become public through lawful means and without breach of this Order. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

19. If Protected Documents in the possession, custody, or control of any receiving party is sought by subpoena, request for production of documents, interrogatories, or any other form of discovery request or compulsory process, including any form of discovery request or compulsory process of any court, administrative or legislative body, or any

other person or tribunal purporting to have opportunity to seek such information by compulsory process or discovery request, including private parties, the receiving party to whom the process or discovery request is directed shall (i) within five (5) business days after receipt thereof, give written notice by hand, overnight courier, pdf transmission, or facsimile of such process or discovery request together with a copy thereof; to counsel for the producing party; (ii) cooperate to the extent necessary to permit the producing party to seek to quash such process or discovery request; and (iii) not make production or disclosure of such Protected Documents until the producing party consents in writing to production or the receiving party is ordered by a court of competent jurisdiction to produce or disclose such Protected Documents, so long as the order is not stayed prior to the date set for production or disclosure.

20. Within 60 days after the conclusion of this case, including any appeals, all Protected Documents, and all copies thereof, shall be returned to the producing party, or, at the option of the receiving party, receiving counsel shall certify in writing that such material has been destroyed.  Counsel of record may retain one set of all depositions and deposition exhibits and one set of all papers filed with the court or served on opposing counsel, including any Protected Documents filed or served under seal.  The party or parties receiving the Protected Documents may keep their attorney work product which refers or relates to any Protected Documents.  Attorney work product may be used in subsequent litigation provided that such use does not disclose Protected Documents or any information contained therein.

21. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries,

divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

SIGNED this 16th day of May, 2008.

                                                                          T. JOHN WARD  
                                                                          UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| Certicom Corporation and Certicom Patent Holding Corporation; <br><br> *Plaintiffs*, <br> v. <br><br> Sony Corporation, Sony Corporation of America, Sony Computer Entertainment Inc., Sony Computer Entertainment America Inc., Sony Pictures Entertainment Inc., Sony Electronics Inc. and Sony DADC US Inc.; <br><br> *Defendants*. | Civil Action No. 2:07-CV-216-TJW |

**ALLEGIANCE TO PROTECTIVE ORDER**

STATE OF _____ )
                                                   ) SS:
COUNTY OF _____ )

       I, _____ having been retained by _____ in connection with the above-captioned lawsuit, hereby acknowledge that I am about to receive "Confidential," "Confidential – Outside Counsel's Eyes Only," "Confidential – Outside Counsel's Eye's Only Limited" and/or "Super Confidential Material" material as defined in the Protective Order agreed to by the parties and so ordered by the Court in this case.

       I certify my understanding that the material designated as "Confidential," "Confidential – Outside Counsel's Eyes Only," "Confidential – Outside Counsel's Eyes Only Special" and/or

"Super Confidential Material" is being provided to me pursuant to the terms and restrictions of the Protective Order, and that I have been given a copy of and have read and understood my obligations under that Protective Order. I hereby agree to be bound by the terms of the Protective Order. I clearly understand that the "Confidential," "Confidential – Outside Counsel's Eyes Only," "Confidential – Outside Counsel's Eyes Only Limited" and/or "Super Confidential Material" material and my copies or notes relating thereto may only be disclosed to or discussed with those persons permitted by the Protective Order to receive such material.

I will return on request all materials designated as "Confidential," "Confidential – Outside Counsel's Eyes Only," "Confidential – Outside Counsel's Eyes Only Limited" and/or "Super Confidential Material," copies thereof, and notes that I have prepared relating thereto, to outside counsel for the party by whom or on whose behalf I am retained at the conclusion of my involvement.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order and waive any and all objections to jurisdiction and venue.

I make the above statements under penalty of perjury.

_____

Printed Name: _____

Company Name/Address/Phone:

_____

_____

_____

_____