# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

|  |  |
|---|---|
| CERTICOM CORP. and CERTICOM PATENT HOLDING CORP., | ) ) ) ) |
| Plaintiffs and Counterclaim-Defendants, | ) ) ) ) |
| v. | ) ) |
| SONY CORPORATION, SONY COMPUTER ENTERTAINMENT INC., SONY COMPUTER ENTERTAINMENT AMERICA INC., SONY PICTURES ENTERTAINMENT INC., SONY ELECTRONICS INC. and SONY DADC US INC., | ) ) ) ) ) ) ) ) |
| Defendants and Counterclaim-Plaintiffs, | ) ) ) |
| SONY CORPORATION OF AMERICA, | ) ) |
| Defendant. | ) ) |

Civil Action No. 2-07CV-216-TJW

JURY

## PLAINTIFFS/COUNTERCLAIM-DEFENDANTS' REPLY TO SONY SECOND AMENDED ANSWER AND COUNTERCLAIMS

Plaintiff-Counterclaim Defendants, Certicom Corp. and Certicom Patent Holding Corp. ("Certicom"), hereby respond to the numbered paragraphs constituting Defendants-Counterclaim Plaintiffs Sony Corporation's, Sony Computer Entertainment Inc.'s, Sony Computer Entertainment America Inc.'s, Sony Pictures Entertainment Inc.'s, Sony Electronics Inc.'s, and Sony DADC US Inc.'s (collectively "Sony") Counterclaims as follows:

### THE PARTIES

100.  Certicom, upon information and belief, admits the averments of this paragraph.

3589211.1

101. Certicom, upon information and belief, admits the averments of this paragraph.

102. Certicom, upon information and belief, admits the averments of this paragraph.

103. Certicom, upon information and belief, admits the averments of this paragraph.

104. Certicom, upon information and belief, admits the averments of this paragraph.

105. Certicom, upon information and belief, admits the averments of this paragraph.

106. Admitted.

107. Admitted.

## JURISDICTION AND VENUE

108. Certicom admits that Sony's counterclaims for declaratory judgments of non-infringement, invalidity, and unenforceability purport to state an action under Fed. R. Civ. P. 13, the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and 35 U.S.C. §§ 1 *et seq* and that this Court has subject matter jurisdiction over these counterclaims under §§ 1331, 1338(a) and 2201. Except as so admitted, Certicom denies the averments of this paragraph.

109. Admitted.

110. Admitted.

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement)

111. Certicom incorporates by reference its responses to the averments in paragraphs 100 to 110 of Sony's Counterclaims. In response to the averments of paragraph 111 of Sony's counterclaims which incorporate by reference paragraphs 1 through 47 of Sony's Second Amended Answer and Counterclaims, Certicom incorporates herein by references the averments in its Complaint. In response to the averments of paragraph 111 of Sony's

counterclaims which incorporate by reference paragraphs 48 to 51 of Sony's Second Amended Answer and Counterclaims, Certicom responds as follows:

48. Denied.

49. Denied.

50. Denied.

51. Denied.

In response to the averments of paragraph 111 of Sony's counterclaims which incorporate by reference paragraphs 52 through 71 of Sony's Second Amended Answer and Counterclaims, Certicom incorporates herein by references the its response to Paragraph 117, below. In response to the averments of paragraph 111 of Sony's counterclaims which incorporate by reference paragraphs 72 through 99 of Sony's Second Amended Answer and Counterclaims, Certicom incorporates herein by references the its response to Paragraph 119, below.

112. Certicom denies the averments of paragraph 112.

113. Certicom denies the averments of paragraph 113.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Invalidity)

114. Certicom incorporates by reference its responses to the averments in paragraphs 100 through 113 of Sony's Counterclaims. In response to the averments of paragraph 114 of Sony's counterclaims which incorporate by reference paragraphs 1 through 47 of Sony's Second Amended Answer and Counterclaims, Certicom incorporates herein by references the averments in its Complaint. In response to the averments of paragraph 114 of Sony's counterclaims which incorporate by reference paragraphs 48 to 51 of Sony's Second Amended Answer and Counterclaims, Certicom incorporates herein by reference

its response to Paragraph 111.  In response to the averments of paragraph 114 of Sony's counterclaims which incorporate by reference paragraphs 52 through 71 of Sony's Second Amended Answer and Counterclaims, Certicom incorporates herein by reference its response to Paragraph 117, below.  In response to the averments of paragraph 114 of Sony's counterclaims which incorporate by reference paragraphs 72 through 99 of Sony's Second Amended Answer and Counterclaims, Certicom incorporates herein by reference its response to Paragraph 119, below.

115. Certicom denies the averments of paragraph 115.

116. Certicom denies the averments of paragraph 116.

### THIRD COUNTERCLAIM
**(Declaratory Judgment of Unenforceability of the '870 Patent)**

117. Certicom incorporates by reference its responses to the averments in paragraphs 100 through 116 of Sony's Counterclaims.  In response to the averments of paragraph 117 of Sony's counterclaims which incorporate by reference paragraphs 1 through 47 of Sony's Second Amended Answer and Counterclaims, Certicom incorporates herein by references the averments in its Complaint.  In response to the averments of paragraph 117 of Sony's counterclaims which incorporate by reference paragraphs 48 to 51 of Sony's Second Amended Answer and Counterclaims, Certicom incorporates herein by reference its response to Paragraph 111.  In response to the averments of paragraph 117 of Sony's counterclaims which incorporate by reference paragraphs 52 to 71 of Sony's Second Amended Answer and Counterclaims, Certicom responds as follows:

    52. Denied.

    53. Admitted.

    54. Admitted.

55. Admitted.

56. Certicom admits that Alfred J. Menezes, Mingua Qu and Scott A. Vanstone authored the October 30, 1994 document and that a true and correct copy of that document is attached to Sony Second Amended Answer and Counterclaims as Exhibit A. Except as so admitted, Certicom denies the averments of this paragraph.

57. Certicom admits that the October 30, 1994 document was proposed as a section of the IEEE P1363 Standard for RSA, Diffie-Hellman and Related Public-Key Cryptography. Except as so admitted, Certicom denies the averments of this paragraph.

58. Admitted.

59. Admitted.

60. Admitted.

61. Certicom admits that during the November 1, 1994 meeting a copy of the October 30, 1994 document was made available to the attendees. Except as so admitted, Certicom denies the averments of this paragraph.

62. Denied.

63. Certicom admits that at least some of the Attendees were members of the public interested in public key cryptography. Except as so admitted, Certicom denies the averments of this paragraph.

64. Denied.

65. Certicom is without knowledge or information sufficient to form a belief as to the averments of this paragraph and, therefore, denies them.

66. Denied.

67. Denied.

68. Denied.

69. Denied. Certicom refers Sony to the text of 37 C.F.R. § 1.56 for a complete statement of a person's duty to disclose information to the USPTO.

70. Denied.

71. Denied.

In response to the averments of paragraph 117 of Sony's counterclaims which incorporate by reference paragraphs 72 through 99 of Sony's Second Amended Answer and Counterclaims, Certicom incorporates herein by reference its response to Paragraph 119, below.

118. Certicom denies the averments of paragraph 118.

## FOURTH COUNTERCLAIM
(Declaratory Judgment of Unenforceability of the '928 Patent)

119. Certicom incorporates by reference its responses to the averments in paragraphs 100 through 118 of Sony's Counterclaims. In response to the averments of paragraph 119 of Sony's counterclaims which incorporate by reference paragraphs 1 through 47 of Sony's Second Amended Answer and Counterclaims, Certicom incorporates herein by reference the averments in its Complaint. In response to the averments of paragraph 119 of Sony's counterclaims which incorporate by reference paragraphs 48 to 51 of Sony's Second Amended Answer and Counterclaims, Certicom incorporates herein by reference its response to Paragraph 111. In response to the averments of paragraph 119 of Sony's counterclaims which incorporate by reference paragraphs 52 through 71 of Sony's Second Amended Answer and Counterclaims, Certicom incorporates herein by reference

its response to Paragraph 117.  In response to the averments of paragraph 119 of Sony's counterclaims which incorporate by reference paragraphs 72 to 99 of Sony's Second Amended Answer and Counterclaims, Certicom responds as follows:

72. In response to the averments of paragraph 72 of Sony's counterclaims which incorporate by reference paragraphs 1 through 47 of Sony's Second Amended Answer and Counterclaims, Certicom incorporates herein by reference the averments in its Complaint.  In response to the averments of paragraph 72 of Sony's counterclaims which incorporate by reference paragraphs 48 through 51 of Sony's Second Amended Answer and Counterclaims, Certicom incorporates herein by reference its response to Paragraph 111.  In response to the averments of paragraph 72 of Sony's counterclaims which incorporate by reference paragraphs 52 through 71 of Sony's Second Amended Answer and Counterclaims, Certicom incorporates herein by reference its response to Paragraph 117.

73. Denied.

74. Admitted.

75. Admitted.

76. Admitted.

77. Certicom admits that Scott A. Vanstone, G.B. Agnew and R.C. Mullin co-authored the 1993 Vanstone Article and that a true and correct copy of that document is attached to Sony Second Amended Answer and Counterclaims as Exhibit B.  Except as so admitted, Certicom denies the averments of this paragraph.

78. Admitted.

79. Admitted.

80. Admitted.

81. Denied.

82. Denied.

83. Certicom admits that a true and correct copy of the 1989 Bender Article is attached to Sony Second Amended Answer and Counterclaims as Exhibit C. Except as so admitted, Certicom is without knowledge or information sufficient to form a belief as to the remaining averments of this paragraph and, therefore, denies them.

84. Certicom is without knowledge or information sufficient to form a belief as to the averments of this paragraph and, therefore, denies them.

85. Certicom is without knowledge or information sufficient to form a belief as to the averments of this paragraph and, therefore, denies them.

86. Certicom is without knowledge or information sufficient to form a belief as to the averments of this paragraph and, therefore, denies them.

87. Certicom admits that Alfred Menezes, Scott A. Vanstone and Tatsuaki Okamoto co-authored the 1991 Vanstone Article and that a true and correct copy of that document is attached to Sony Second Amended Answer and Counterclaims as Exhibit D. Except as so admitted, Certicom denies the averments of this paragraph.

88. Admitted.

89. Admitted.

90. Denied.

91. Denied.

92. Denied.

93. Certicom is without knowledge or information sufficient to form a belief as to the averments of this paragraph and, therefore, denies them.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied. Certicom refers Sony to the text of 37 C.F.R. § 1.56 for a complete statement of a person's duty to disclose information to the USPTO.

99. Denied.

120. Certicom denies the averments of paragraph 120.

## **PRAYER FOR RELIEF**

WHEREFORE, Certicom repeats the prayer for relief set forth in paragraphs A to I of its Complaint, and demands entry of judgment with respect to Sony's counterclaims that:

A. Sony's Counterclaims are dismissed with prejudice;

B. Each Defendant has infringed and induced infringement of and contributed to the infringement of U.S. Patent No. 6,563,928 and U.S. Patent No. 6,704,870.

C. U.S. Patent No. 6,563,928 and U.S. Patent No. 6,704,870 are not invalid;

D. U.S. Patent No. 6,563,928 and U.S. Patent No. 6,704,870 are not unenforceable;

E. This case is an exceptional case pursuant to 35 U.S.C. § 285;

F.  Certicom be awarded its reasonable costs and attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285; and

G.  Certicom be granted such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: July 28, 2008

By: /s/ Matthew A. Traupman
Robert C. Morgan (admitted *pro have vice*)
Laurence S. Rogers (admitted *pro have vice*)
Matthew A. Traupman (admitted *pro have vice*)
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, New York 10036-8704
Telephone:  (212) 596-9000
Facsimile:  (212) 596-9090

Carl R. Roth
Texas Bar No. 17312000
Brendan C. Roth
Texas Bar No. 24040132
Amanda A. Abraham
Texas Bar No. 24055077
THE ROTH LAW FIRM
115 N. Wellington, Suite 200
Marshall, Texas 75670
Telephone: (903) 935-1665
Facsimile: (903) 935-1797

*Attorneys for Plaintiffs Certicom Corp. and Certicom Patent Holding Corp.*

# CERTIFICATE OF SERVICE

        The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). All other counsel of record will be served by certified mail, return receipt requested, this 28th day of July, 2008.

                                                                 /s/ Matthew A. Traupman