## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| Certicom Corporation and Certicom Patent Holding Corporation;<br><br>              *Plaintiffs*,<br>   *v.*<br><br>Sony Corporation, Sony Corporation of America, Sony Computer Entertainment Inc., Sony Computer Entertainment America Inc., Sony Pictures Entertainment Inc., Sony Electronics Inc. and Sony DADC US Inc.;<br><br>              *Defendants*. | Civil Action No. 2:07-CV-216-TJW |

### SPECIAL ORDER REGARDING THE PARTIES' MAY 13, 2008 STIPULATED PROTECTIVE ORDER

      The Court issues this Special Order clarifying the terms of the Parties' May 13, 2008 Stipulated Protective Order in order to facilitate document disclosure and production of third party documents under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation. The Parties' May 13, 2008 Protective Order continues to remain in effect, and shall remain in effect, unless further modified, through the conclusion of this litigation.

      In addition to the Court's findings contained in the May 13, 2008 Stipulated Protective Order, the Court finds, in support of this Special Order, that:

      WHEREAS third parties, requested by the parties to this action to produce documents, source code, or other information pursuant to Court Order or valid subpoena, request

clarification of the protections afforded to their confidential information under the Parties' May 13, 2008 Stipulated Protective Order.

WHEREAS, to address the requests of these third parties, and to expressly set forth the protections afforded to documents produced by them, and to facilitate the progress of disclosure and discovery in this case,:

**IT IS ORDERED THAT:**

1. Paragraph 2 of the May 13, 2008 Stipulated Protective Order, appearing on Page 2 of the same shall be clarified to read as follows (Docket No. 40-2 at p. 2) (modifications are bolded and italicized):

    > 2. Protected Documents shall not include (a) advertising materials distributed to the general public, (b) materials that have been published or are public, or (c) documents that have been submitted to any governmental entity without a request for confidential treatment. "Confidential – Outside Counsel Eyes Only Limited" shall be limited to confidential sales or financial information or third party documents produced during the course of discovery***, including documents produced by third parties pursuant to valid subpoena or Court Order***. However, certain confidential sales and financial information (specifically gross and net sales volumes and dollar or yen amounts for models or products) shall be designated "Confidential – Outside Counsel Eyes Only." "Confidential – Outside Counsel Eyes Only" shall also include documents or materials that relate to confidential technical matters (including *e.g.*, technical descriptions, source code, product designs, and the like) of a party.

2. Paragraph 7 of the May 13, 2008 Stipulated Protective Order, appearing on Pages 7-8 of the same shall be clarified to read as follows (Docket No. 40-2 at pp. 7-8) (modifications are bolded and italicized):

    > 7. Documents designated as "Confidential – Outside Counsel's Eyes Only Limited" and any information contained therein shall be disclosed only to the persons listed in Section 6, except neither Mr. Mark Gorman or Mr. David Lewis can receive "Confidential – Outside Counsel's Eyes Only Limited" documents or information. However, counsel of record in this action for the party or parties receiving "Confidential – Outside Counsel's Eyes Only Limited" documents or any information contained therein may give a general description (without specifics) of third party confidential information, ***including information produced by third parties pursuant to valid subpoena or Court Order***, to an in-house counsel for the party or

parties only for the purpose of advising such in-house counsel for the party or parties on the merits of this action.

3. Paragraph 8 of the May 13, 2008 Stipulated Protective Order, appearing on Page 8 of the same shall be clarified to read as follows (Docket No. 40-2 at pp. 8) (modifications are bolded and italicized):

> 8. The parties acknowledge that certain technical information ***produced by the parties or by third parties pursuant to valid subpoena or Court order*** may constitute a trade secret or be of such a sensitive nature that they receive additional protections against access and dissemination by a party in the ordinary course of business. This technical information includes software source code, Hardware Description Language, semiconductor architecture design, and descriptions of cryptographic parameters, keys and signatures, that, although already qualified to be designated as "Confidential – Outside Counsel's Eyes Only," are deserving of greater protection. The following additional procedures shall apply to such material in order to minimize the exchange of such material to only that which is needed by a party to prosecute this lawsuit:

4. Paragraph 8(b) of the May 13, 2008 Stipulated Protective Order, appearing on Pages 8-9 of the same shall be clarified to read as follows (Docket No. 40-2 at pp. 8-9) (modifications are bolded and italicized):

> (b) Access to such materials, including any Hardware Description Language (HDL) code files describing the hardware design of any ASIC or other chips, source code, object code or similarly sensitive code, any descriptions of semiconductor designs or masks, descriptions of the operation of source code, object code, or similarly sensitive code, or descriptions of cryptographic parameters, keys and signatures, if in electronic form shall only be provided on "stand-alone" computers (that is, not capable of being connected to a network, Internet or peripheral device except that the stand-alone computers will be connected to a printer or printers) at a secured room located at the offices of trial counsel ***or, in the case of materials produced by a third party, at the offices of the third party or the third party's outside counsel***. If in hardcopy, it shall be stored at a secure room located at the offices of trial counsel ***or, in the case of materials produced by a third party, at the offices of the third party or the third party's outside counsel***. The producing party will allow access to such computer during regular business hours (9:00 a.m. to 6:00 p.m. local time) on twenty-four (24) hours notice and shall provide reasonable additional availability as needed. Where the Super Confidential Material is in electronic form, the producing party will allow access in a computer searchable format, but need not provide executable code. No electronic copies of the materials will be made.

5.  All other sections and paragraphs of the May 13, 2008 Stipulated Protective Order shall retain their original language.

6.  This Special Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

SIGNED this 20th day of November, 2008.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE